Hays v. Commonwealth.

---

,CASE 110—INDICTMENT FOR PEDDLING—FEB. 27.

## Hays v. Commonwealth.

APPEAL FROM JESSAMINE CIRCUIT COURT.

1. CONSTITUTIONAL LAW—PEDDLER'S STATUTE.—Sections 4216, 4217 and 4218 of the Kentucky Statutes, defining peddlers and providing for the payment of license by them, are not a violation either (1st) of the fourteenth amendment to the Constitution of the United States, or (2d) those provisions of the Kentucky Constitution requiring uniformity of taxation.

2. CRIMINAL LAW—INDICTMENT FOR PEDDLING.—An indictment for peddling oil without a license need not state the facts showing that the defendant was engaged in the business of a peddler, nor that he made a particular sale of oil by peddling, nor that he delivered the oil alleged to have been sold.

3. SAME—EVIDENCE.—Upon the trial of such an indictment it was competent for the defendant to show that he was an agent of the Standard Oil Company; that that company had an oil depository in the city of Lexington, at which place it was wholesaling illuminating oils, and in the surrounding towns; that it had a regular line of customers who were engaged in the retail business in Nicholasville, and that defendant arranged for said customers to send an oil tank wagon to Nicholas-

| 107 | 655 |
|-----|-----|
| 120 | 77 |

| 107 | 655 |
|-----|-----|
| e119 | 5 |

| 107 | 655 |
|-----|-----|
| 127 | 703 |

ville at, stated intervals and deliver to its customers oil in wholesale quantities, and that the sale for 'which the defendant was indicted was made by him in good faith upon the supposition that the person to whom he was making the sale was one of the customers which the Standard Oil Company had agreed to serve in that way.

HUMPHREY & DAVIE, BRECKINRIDGE & SHELBY AND BEN. T. CAMPBELL FOR APPELLANT.

(Brief for the appellant withdrawn.)

B. A. CRUTCHER, FRANK P. O'DONNELL AND J. W. MITCHELL FOR APPELLEE.

1. The indictment is good. It sustantially follows the statute creating the offense. Com. v. Engle, 52 S. W. R., 811; 42 S. W. R., 101; 29 Cent. Law Jour., 286; Thompson on Corps. vol. 5, 6434; 7 Am. & Eng. Ency., of Law, 841, and cases cited; Ky. Stats., secs. 475, 4216; Robertson's Crim. Law and Proced., 1036, citing L. & N. R. R. Co. v. Com., 11 Ky. Law Rep., 442; 1 Bish. Crim. Proc., 682.

2. Who are peddlers: Ky. Stat., sec. 4216; 9 Am. & Eng. Ency. of Law (1st ed.), 307 and notes 1 and 2, citing Bouvier's Law Dict.; 29 Cent. Law Jour., 284; Bohon's Admr. v. Brown, &c., 49 S. W. R., 450; In re Butin, 13 S. W. R., 10 (Tex.); State v. Parsons, 27 S. W. R., 1102; State v. Emeret, 15 S. W. R., 81; State v. Parsons, 27 S. W. R., 1102; State v. Smithson, 17 S. W. R., 221; City of Duluth v. Krupp, 49 N. W. R., 235; City of Huntington v. Mahon, 42 Cent. Law Jour., 219; South Bend v. Martin, 41 N. E. R., 315; 41 Cent. Law Jour., 401; State v. Fetter, 32 Atl. Rep., 394; Com. v. Dudley, 3 Met., 221; Stamford v. Fisher, 140 N. Y., 187.

3. Statute is applicable to corporations: Ky. Stats., secs. 4219, 4602, 4206; City of Carlisle v. Hechinger & Co., 42 S. W., 101; Mabry's Exr. v. Bullock, 7 Dana, 336; Rash v. Farley, 91 Ky., 345; Rash v. Holloway, 82 Ky., 672; Hill v. Thixton, 94 Ky., 97; Com. v. Pulaski County Agri. Assn., 92 Ky., 197; 7 Am. & Eng. Ency. of Law, 843-5.

4. The peddler's act is not unconstitutional, 91 Ky., 344; 92 Ky., 674; Com. v. New Bedford Bridge, 2 Gray (Mass.), 339.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted upon the charge of peddling without license, and, his motion for a new trial having been overruled, he prosecutes this appeal.

The indictment reads as follows:

"The grand jury of Jessamine county, in the name and by the authority of the Commonwealth of Kentucky, ac-cuse J. L. Hays of the offense of peddling, committed as follows, viz.: That said J. L. Hays, on the 7th day of March, 1899, in the county aforesaid, and on divers other days within twelve months before the finding of this in-dictment, did unlawfully, not having a license so to do, and being then and there an itinerant person, vend, sell and offer to sell goods, wares and merchandise, to-wit: oil, to Walter Hendren, against the peace and dignity of the Commonwealth of Kentucky."

The court overruled appellant's demurrer to the indict-ment, and this is one of the grounds relied upon for re-versal.

Section 4216 of the Kentucky Statutes reads as follows: "All itinerant persons vending lightning rods, patent rights or territory for the sale, use or manufacture of patent rights, goods, wares, merchandise, clocks, watches, jewelry, gold, silver or plated ware, spectacles, drugs, nostrums, perfumery and any other thing not hereinafter specially exempt, shall be deemed peddlers."

It is also provided, in section 4217, that all persons who shall, under cover of *bona fide* merchants, come into or take up a temporary residence in any county for the purpose of disposing of any goods, either at auction or otherwise, except as otherwise provided in this section, shall be deemed peddlers.

It is provided by section 4218 that no person shall be deemed a peddler for selling tinware, agricultural imple-ments, sewing machines, portable mills, books, pamph-lets, papers, meat, stoneware or farm or garden products, nor merchants nor their agents for selling by sample,

[42]

but nothing herein exempts itinerant persons selling ag-
ricultural implements from paying license under this law.

It is very earnestly insisted for appellant that the in-
dictment is defective, because it does not state the facts
showing that the defendant was engaged in the business
of a peddler, or that he made the particular sale by ped-
dling, and also fails to show that the appellant delivered
the oil alleged to have been. sold.

It is also insisted that the indictment does not sufficient-
ly allege that appellant was a peddler, or that he made the
particular sale as a peddler or by peddling.

It seems to us that the indictment is sufficient, and
sufficiently charges the facts necessary to constitute the
offense charged. It will be seen that the statute, *supra*,
defines a peddler, and the indictment under considera-
tion clearly charges that the defendant was an itinerant
person, and that he sold the oil in question.

It is undoubtedly true that, in order to constitute a
person a peddler, he must not only be an itinerant per-
son, but must be engaged in vending or selling the articles
mentioned in the prohibitory statute as a business or oc-
cupation.

It is not, however, necessary that it should be
his sole business, nor even his principal business; but
it must nevertheless be a considerable part of his occu-
pation, business or avocation.

A person may have a permanent home in this State,
where he may store his principal goods, and may even pay
tax thereon, and still be an itinerant person, in the mean-
ing of the statute, if he travels about from place to place
vending or selling the articles prohibited by the statute.

The guilt of the person on trial must be established by
proof of facts showing him to be a peddler without license.

It is evident that a corporation, if in fact it engaged in peddling through its agent or servant, would be liable to indictment and conviction the same as a natural person, and likewise the agent so violating the law might be indicted and punished.

It is very earnestly insisted that the statute in question is unconstitutional; that it is in violation of the fourteenth amendment of the Constitution of the United States, and also the Constitution of this State.

The fourteenth amendment provides:

"That no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

We are unable to see that the statute under consideration violates either the spirit or letter of the amendment *supra*. It is true, certain articles of property are allowed to be sold by itinerant persons without a license, and they can also be sold by any and every person, either as an itinerant or otherwise. Therefore there is no discrimination.

Moreover, all citizens if they elect to peddle the prohibited goods, must have a license to do so; otherwise, they are subjected to punishment. Hence there is absolutely no discrimination between citizens, each and every one standing on an exact equality under the peddler's law.

If the fact that a man may sell stoneware without a license renders the whole peddler's law unconstitutional, it necessarily follows that the statute requiring a license to sell alcoholic liquors is in violation of the same pro-

vision of the Constitution because the citizen may sell various other articles, both liquid and solid, without any license; and the right of both the State and Federal Governments to require license of vendors of alcoholic liquors has always been sustained by the courts of last resort, both Federal and State, so far as we are advised.

The contention of appellant that the statute in question violates the Constitution of this State is wholly untenable. The provisions of the Constitution which require taxation to be equal and uniform on all property within the taxing district has no application to the case before us. The peddler's law imposes no tax on property, but only requires a license to be paid by persons who peddle certain articles of property. Many reasons might be given justifying the enactment in question. Manifestly, one of the objects, if not the chief object, is a police regulation for the protection of the people at large. There is but little, if any, danger of any evil or injury to the community resulting from the peddling or vending as a peddler of the exempted articles; hence it was perfectly competent for the Legislature to permit without restriction the sale of such articles.

The various decisions relied on by appellant have no application to the case at bar, nor do we deem it necessary to enter into a discussion of the various definitions of the term "peddler," for the reason that the definition given in the Kentucky Statutes must necessarily govern in prosecutions thereunder.

We are of opinion that the testimony introduced by the Commonwealth on the trial entitled it to a submission of the case to the jury. Hence the court did not err in refusing the peremptory instruction asked for.

The appellant, however, offered to introduce the following testimony:

"Defendant then offered to prove, by himself and James E. Doyle, who were both produced and sworn, that the Standard Oil Company has an oil depository in the city of Lexington, at which place it is engaged in wholesaling illuminating oils in said city and the surrounding towns; that it has a regular line of customers, who are engaged in the retail business in Nicholasville, and that several years ago said Doyle, the general agent of said company at Lexington, arranged with said customers to send an oil-tank wagon to Nicholasville, and stop at their places of business, and deliver to them oil, in wholesale quantities, and at wholesale rates, fixed by said company from time to time; that said oil tank should come as often as was necessary to keep said customers supplied for their retail trade, and that it has since then sent its oil tank regularly to Nicholasville for said purposes about every five days; that defendant was the driver of said oil tank at the time of the delivery to Hendren shown by the Commonwealth; that he had at said time not been on the wagon, except for a few days, for about a year, and when Hendren applied to him for oil he supposed that Hendren was one of the regular customers of said company, to whom the previous driver had been delivering oil; that in the case of the delivery to Klein, the clerk of said Klein, at whose request they were made, had told defendant that his house sold oil; that said arrangement was made with said retail dealers in Nicholasville because it was more convenient for them to get their oil in this way than to order it from Lexington from time to time, and have it shipped by rail, and because said company was thereby able to put it to them at two and

Hays v. Commonwealth.

one-half cents per gallon cheaper than if it was so ordered and shipped; that defendant lives in the city of Lexington, which has been his home for a number of years; that said company keeps on hand, regularly, about 100,000 gallons of oil in Lexington, upon which it regularly pays there State, county and municipal taxes; that defendant has no interest in said business, and is simply the agent of said company. To all of which proof so offered to be made plaintiff objected, and the court sustained the objection, and refused to permit said matter to be proved, to which ruling of the court the defendant objected and excepted and still excepts."

We are clearly of opinion that the court erred in refusing to admit the testimony offered. Such testimony was competent, and, if believed by the jury, would have entitled the appellant to a verdict of not guilty, for the reason that it clearly showed, if true, that the defendant was not an itinerant person engaged in selling the oil as a business or occupation.

It would hardly be contended that a merchant of Nicholasville, having in charge a load of goods being hauled or shipped from Lexington to Nicholasville, might not, on one occasion, sell a few articles of goods on the road between the two points without violating the statute under consideration.

For the reasons indicated, the judgment appealed from is reversed, and cause remanded for a new trial and for proceedings consistent herewith.

The whole court considered this case.