## CITY OF BROOKFIELD v. KITCHEN, Appellant.

### Division One, June 12, 1901.

Mercantile Agent: SELLING GOODS BY SAMPLE: ORDINANCE: CONSTITUTIONALITY. The statute gave authority to cities of the third class "to levy and collect a license tax on......peddlers,......drummers, ......mercantile agents," and the ordinance defined a mercantile agent "as one who shall go from place to place within the city and shall take orders for the sale of goods, wares and merchandise for future delivery, either by himself or some other person." The agreed facts were that "the defendant was taking orders for the sale of goods and merchandise for future delivery, to-wit, lace curtains and rugs, by going from place to place" within the city, and that he "had no license as a mercantile agent," and that he was "agent and salesman for a firm doing business" in another city in this State. "He went from house to house with samples of goods, soliciting orders for future delivery. He did not sell or offer to sell and deliver the goods. When an order was taken by him it was sent to the business house" in the other city for which he was agent, "and if there approved and accepted, the goods were shipped and delivered." *Held*, first, the defendant was a "mercantile agent" within the meaning of the statute; second, being such, the ordinance was applicable to his business; third, since the city prosecuting defendant and that in which was the business house he represented, were both within this State, the question of whether such ordinance and statute are in conflict with the provision of the Federal Constitution, that vests in Congress the right to regulate commerce between the States, can not arise.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Isaac P. Ryland* with *Lander, Johnson & Lander* for appellant.

(1) Conceding the ordinance to provide for two classes of persons, those persons having a place of business, and those persons going from place to place, the ordinance is then unconstitutional and void and in violation of the interstate commerce laws. Asher v. Texas, 128 U. S. 129; Robbin v. S. T. Dist., 120 U. S. 489; Leloup v. Post of Mobile, 127 U. S. 640; Carson v. Maryland, 120 U. S. 502. (2) The ordinance is an attempt to unjustly discriminate against the resident merchant and drummer and in favor of the non-resident, and is therefore void. (3) The defendant is a drummer or commercial traveler and not a mercantile agent. Webster's International Dictionary; 6 Am. and Eng. Ency. of Law (1 Ed.), 34, and notes; 3 Am. and Eng. Ency. of Law (1 Ed.), 315, and notes; In re Spain, 47 Fed. 208; In re Mitchell, 62 Fed. 576; Overton v. State, 13 So. Rep. 226; In re Huston, 47 Fed. 539; City v. Collins, 34 Kas. 434; State v. Hoffman, 50 Mo. App. 585; Trenton v. Clayton, 50 Mo. App. 535. (4) The defendant is not a mercantile agent. The term is well defined and understood in law, and the business world, and the city has no power, right or authority to class and define him to be a mercantile agent, contrary to the ordinary and common use, acceptation and meaning of the term. Webster's International Dictionary; 15 Am. and Eng. Ency. of Law (1 Ed.), 280; Trenton v. Clayton, 50 Mo. App. 535.

*Chas. K. Hart* for respondent.

(1)   The appellant being a resident of the State of Missouri and representing a principal also a resident of the State of Missouri, no question of interference with interstate commerce arises in this case.   Robbins v. Shelby Taxing Dist., 120 U. S. 489; Brennan v. Titusville, 153 U. S. 289; Tel. Co. v. Texas, 105 U. S. 460; Ficklin v. Shelby Taxing Dist., 145 U. S. 1.   (2)   The ordinance can not be held void as discriminating against residents of this State in favor of nonresidents of this State, as this is a question which does not come before this court.   Robbins v. Shelby Taxing Dist., 120 U. S. 489.   The power of taxation has been delegated to cities of the third class and questions of this nature, being questions of policy, are properly addressed to the city council. Constitution, sec. 10, art. 10; Laws 1893, pp. 89, 90, sec. 107. (3)   Cities of the third class have express power to tax "mercantile agents."   Laws 1893, p. 90, sec. 107.   This term has never been construed by a court of last resort, but ordinances containing similar terms have been before the courts.   Ficklin v. Shelby Taxing Dist., 145 U. S. 1.   This court has defined the term "commercial agent."   State v. Hoffman, 50 Mo. App. 585.   The words "mercantile" and "commercial" are synonymous in meaning.   Webster's International Dictionary, pp. 285 and 913.   (4)   Appellant is not a drummer, as he was selling at retail.   State v. Hoffman, 50 Mo. App. 585; 6 Am. and Eng. Ency. of Law (1 Ed.), 34.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the circuit court of Linn county, on appeal from the police court of the city of Brookfield, imposing a fine upon him of ten dollars for a violation of an ordinance of said city, approved July 14, 1896, as follows:

"Be it ordained by the council of the city of Brookfield, Linn county, Missouri, as follows, to-wit:

"Section 1.   A mercantile agent is hereby defined to be any person having a place of business in the city of Brookfield where orders for the sale and delivery of merchandise are taken, or who shall go from place to place within the city of Brookfield and shall take orders for the sale of goods, wares and merchandise for future delivery, either by himself or some other person.

"Sec. 2.   No person shall deal as or carry on the business of a mercantile agent, as herein defined by section one of this ordinance, within the city of Brookfield, without first having obtained a license from this city and paying for such license, as follows: two dollars per day and a fee of fifty cents to the city clerk for issuing such license.

"Sec. 3.   Any person who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not less than three nor more than one hundred dollars."

The case was tried by the court on an agreed statement of facts, in which it was admitted that "on the thirtieth day of October, 1896, the defendant Charles Kitchen was taking orders for the sale of goods and merchandise for future delivery, to-wit, lace curtains and rugs, by going from place to place in the city of Brookfield and that the said Charles Kitchen had no license from the city of Brookfield as a mercantile agent" and that " the defendant was agent and salesman for J. Haglage & Co., a firm doing business in the city of Kansas City, Missouri."

The defendant contended in the court below that the ordinance was not applicable to his business; that it was not within the powers granted to the city by statute, and if so construed the ordinance was unconstitutional, and these questions were properly raised in that court.   The appeal was taken to the Kansas City Court of Appeals, and for want of jurisdiction in

City of Brookfield v. Kitchen.

that court, was transferred to this court.

(1)   As to the first contention, it is sufficient to say, that it is answered by the ordinance itself, which is plainly applicable to two classes of mercantile agents.   One, those "having a place of business in the city, where orders for the sale and delivery of merchandise are taken;" the other, those "who shall go from place to place within the city and shall take orders for the sale of goods, wares and merchandise for future delivery."   Under the agreed statement of facts, the defendant comes clearly within the definition of the second class.   It may be conceded at once that the city could not by such definition enlarge its powers one iota beyond the grant of the statute, and the main question is, whether such definition is a correct one within the meaning of the statute from which the city derives its powers, upon a proper solution of which depends the answers to be returned to the defendant's second contention.

(2)   The plaintiff is a city of the third class.   By an act of the General Assembly approved March 16, 1893 (Laws 1893, pp. 89, 90), power was given to the authorities of cities of this class "to levy and collect a license tax on peddlers, drummers, ....   mercantile agents," and many other vocations.

A "peddler" is an itinerant trader who goes from place to place and from house to house, carrying for sale and exposing to sale the goods, wares and merchandise which he carries." [State v. Hoffman, 50 Mo. App. l. c. 586, and authorities cited.]

A "drummer" or "commercial traveler" is an agent who travels for wholesale merchants and takes orders for goods to be shipped to the latter.   [6 Am. and Eng. Ency. of Law (2 Ed.), p. 223.]

Now, it was evidently the intention of the Legislature that

cities of the third class should have the power to levy and collect a license tax not only on these two classes, but upon another and third class styled "mercantile agents" who are not included in the definition of either of the former two classes. Who, then, was intended by the term "mercantile agents." Counsel for defendant contend that the Legislature thereby meant one who conducts a commercial or mercantile agency. Such agencies are defined to be establishments which make a business of collecting information relating to the credit, character, responsibility and reputation of merchants for the purpose of furnishing the information to subscribers; e. g., R. G. Dun & Co., Agency, Bradstreet Company, etc. [5 Am. and Eng. Ency. of Law (1 Ed.), p. 280; Webster's Int. Dictionary.] As no establishment of this kind existed in any third-class city of the State it is not reasonable to suppose that the Legislature meant one who conducted such an establishment. In the language of counsel for the defendant, "his business as shown by the agreed statement of facts, consisted in going from house to house with samples of goods, soliciting orders for future delivery. In no instance did he sell or offer to sell and deliver the goods. When an order was taken by him it was sent to the business house at Kansas City, and if there approved and accepted, the goods were shipped and delivered."

The business thus conducted is differentiated from that of a "peddler" in that he makes no sales or delivery of goods carried with him for that purpose, and from that of a "drummer" in that he takes orders for goods not from the retail merchants, but from his customers, and thereby comes into competition with him. That such a business is mercantile in its character, and was being carried on by the defendant as agent, is beyond question, and one conducting such a business is appropriately described by the term "mercantile agent," as used in the statute, and defined in the ordinance, and as good

reason existed for requiring a license for one engaged in that business as for one engaged in either of the other occupations, it would seem that the defendant's business is not only within the letter but within the reason of the statute, and that the interpretation put upon the statute by the ordinance is correct and we so hold.

(3)    The constitutional objection to the statute and ordinance is, that they are obnoxious to that provision of the Constitution of the United States that vests in Congress the right to regulate commerce with foreign countries and between the States.    But as the defendant, so far as the evidence in the case shows, was a citizen of this State, carrying on this business as the agent of citizens of this State, taking orders for commodities in this State, mingled with the general property of the State, and subject to taxation under its laws, we can not see how this constitutional provision can be invoked as a defense by him.    His business had nothing to do with interstate or foreign commerce.    It was a part of the internal commerce of the State, subject to regulation by the State, and the manner of its regulation by the statute and ordinance in question, so far as he is concerned, is entirely legitimate.    So far as the application of this law to imports from foreign countries or other States is concerned, it will be time to discuss that question when a proper case for its consideration arises.    There is no necessity for it in this case.    The judgment of the circuit court will be affirmed.

All concur.