COMMONWEALTH *vs.* AMÉDÉ A. POULIN.

Plymouth.   January 17, 1905. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Intoxicating Liquors.   Words,* " At wholesale."

A. sale of a quart of native wine cannot be found to be a sale at wholesale within the meaning of R. L. c. 100, § 1, permitting the sale of wine at wholesale by the original maker thereof at the place of manufacture and not to be drunk on the premises.

LATHROP, J.   This is an indictment for exposing and keeping for sale intoxicating liquors at Brockton on August 12, 1903, and on other days between that day and November 12, 1903, with intent to sell the same within the Commonwealth.

The case was tried in the Superior Court on an agreed statement of facts, from which it appeared that the defendant was a maker of native wines at Brockton, and that on August 12, 1903, he made a sale of one quart of native wine, not to be drunk on the premises, the same being made by him on the premises.   It further appeared from the agreed facts that Brockton was a city in which licenses of the first five classes mentioned in the R. L. c. 100, § 18, were not, at the time of the sale, granted for the sale of intoxicating liquors.

On the agreed facts the presiding judge instructed the jury that the sale of a quart of native wine was a sale by retail.   The jury returned a verdict of guilty, and the case is before us on the defendant's exception to the above instruction.

Section 1 of c. 100 of the R. L. as amended by the St. of 1903, c. 460, provides :  " No person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized in this chapter."   The section then goes on to provide for sales made by a person under a provision of law which requires him to make sales of personal property, and provides for sales of cider. The section concludes as follows :  " Nor shall the provisions of this chapter apply to sales of wine at wholesale by the original makers thereof at the place of manufacture and not to be drunk on the premises."

The defendant contends that the sale of a quart of native wine is not *prima facie* a sale by retail, and that it was a question for the jury, under proper instructions, whether the sale was by wholesale or by retail. It seems to us however clear that the construction of the statute was a question of law for the court and not one for the jury. Nor can we doubt that the government in this case made out a *prima facie* case, and that the instruction given was correct. In *Commonwealth* v. *Kimball*, 7 Met. 304, 308, it is said by Dewey, J., "To retail is to sell in small quantities." While the statute before us does not define the words "at wholesale," these words are used in opposition to the words "at retail," and mean in large quantities. A sale of a quart of native wine cannot be said to be a sale at wholesale. *State* v. *Lowenhaught*, 11 Lea, 13. *Webb* v. *Baird*, 11 Lea, 667. *Gorsuth* v. *Butterfield*, 2 Wis. 237. *Tripp* v. *Hennessy*, 10 R. I. 129. *People* v. *Abraham*, 16 App. Div. (N. Y.) 58.

*Exceptions overruled.*

*L. F. Garfield*, for the defendant.

*Asa P. French*, District Attorney, for the Commonwealth.