CASE 87.—PROSECUTION AGAINST THE STANDARD OIL CO.
FOR PEDDLING OIL WITHOUT A LICENSE.—Oct. 13.

# Commonwealth v. Standard Oil Co.

Appeal from Bracken Circuit Court.

Jas. P. Harbeson, Circuit Judge.

Defendant acquitted, Commonwealth appeals—Affirmed.

1. Licenses—Mercantile Business—Sales of Oil From Wagons—
"Peddling"—Transactions Distinguished.—Sales of oil delivered from wagons to retail dealers for resale are within Ky.
St. 1903, section 4224, requiring payment of an annual license
fee of $5 for each wagon; but sales from wagons to others
than retail dealers constitute "peddling" within section 4215,
requiring peddlers to take out licenses.

2. Statutes—Construction—Criminal Statutes.—Criminal statutes
should never be so construed as to punish those who have
honestly conformed to the law as declared by the proper
authorities; and, when a certain thing has been held by the
Supreme Court to be allowable under a statute, refined distinction should never be made to bring within the statute
persons who honestly acted in conformity to the rule declared.

3. Hawkers and Peddlers—Who are "Peddlers"—Licenses—Oil
Companies.—An oil company, which fills tanks of regular customers every week under a standing order, is not a "peddler,"
within Ky. St. 1903, section 4215, requiring "peddlers" to take
out licenses.

4. Same—"Peddling."—Mere delivery of goods to a customer is
not "peddling," within Ky. St. 1903, section 4215, requiring
peddlers to take out licenses; "peddling," consisting in hawking
goods about and offering and selling to any one who will buy.

5. Same—"Selling by Sample."—The words "selling by sample,"
as used in Ky. St. 1903, section 4218, which provides that
"agents for selling by sample" shall not be considered as

peddlers, mean taking orders for future delivery, as the commercial traveler does.

JAS. BREATHITT, Atty. Genl., TOM B. McGREGOR, Asst. Atty. Genl. and M. J. HENNESSY for Commonwealth.

WORTHINGTON & COCHRAN and HUMPHREY, DAVIS & HUMPHREY for appellees.

No briefs, record misplaced.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Standard Oil Company was indicted in the Bracken circuit court for peddling oil without license. On the trial of the case, at the conclusion of the Commonwealth's evidence, the court directed a verdict for the defendant, and, the indictment having been dismissed, the Commonwealth appeals.

1. Acts 1902, p. 353, c. 128, among other things, provides for a license (Ky. St. 1903, section 4224): "To each oil depot in this State, wherein petroleum, lubricating or other oils are stored in bulk or tank, ten dollars. To selling by retail petroleum, lubricating or other oils for each wagon used in transporting or retailing such oils, five dollars." The act also provides, under the subdivision regulating peddling as follows (Ky. St. 1903, sections 4215, 4216): "All persons who are by this article deemed peddlers shall before the sale or attempted sale of any article or right, as herein contemplated, procure and pay for license as required by law; and any peddler who shall violate the provisions of this section shall be deemed guilty of peddling without license and punished accordingly." "All itinerant persons vending lightning rods, patent rights, or territory for the sale, use or

manufacture of patent rights, goods, wares, merchan-
dise, clocks, watches, jewelry, gold, silver or plated
ware, spectacles, drugs, nostrums, perfumery, and any
other thing not hereinafter specially exempt, shall be
deemed peddlers." The Standard Oil Company had
taken out a license on its wagon, as provided by sec-
tion 4224, but had not taken out a license as a peddler,
as required by section 4215.

It is earnestly insisted that only one license is con-
templated, and that, when the license fee is paid on
the wagon, no license for peddling oil from the wagon,
under section 4215, is required. This precise ques-
tion, under the act of 1902, was before this court in
the case of Standard Oil Company v. Commonwealth,
119 Ky. 1, 82 S. W. 970, 83 S. W. 557, 26 Ky. Law
Rep. 142, 927. In the response to the petition for
rehearing, the court said: "Appellant thinks the
opinion is not clear in its meaning. We decide that
in sales by appellant and others doing similar busi-
ness, where the oils are delivered from its wagons,
and the sales are to retail dealers for resale, the trans-
action comes under section 4224, Ky. St. 1903, involved
in the appeal. For each wagon so engaged a license
fee of $5 per annum must be paid, which is the license
fee for the use of that wagon anywhere in the State.
If the sales from the wagon are to others than retail
dealers for resale, the act is peddling (Standard Oil
Co. v. Commonwealth, 80 S. W. 1150, 26 Ky. Law
Rep. 142); and, to do that character of business, ap-
pellant must take out a peddling license, being $50
per year for one person with two-horse wagon, $40
for one person with one-horse wagon, and $20 addi-
tional for each additional person accompanying the
wagon. These fees are for the whole State. For the
county, one-fourth as much as is charged for the

whole State." The court adheres to the construction of the statute then indicated. Business has been adjusted to it. A new revenue act has since been passed

2. The Standard Oil Company has tanks in Augusta, from which it delivers gasoline. The F. A. Neider Company was a manufacturing establishment in Augusta using gasoline. It had a tank which it had the Standard Oil Company to fill once a week under a standing arrangement or standing order to this effect. The tank would not always be empty when the wagon would come around to fill it; and in that event the tank would be measured, and the quantity of oil necessary to fill it would be ascertained. The Standard Oil Company kept the tank supplied with oil under this general arrangement, without any specific order being made in advance every week for the tank to be filled. There was a similar arrangement with the Marggraff Manufacturing Company and the E. H. Hunefelt Manufacturing Company. The question presented is whether the Standard Oil Company was guilty of peddling in filling the tanks of the regular customers every week under a standing order to fill the tanks. In Standard Oil Company v. Commonwealth, 107 Ky. 608, 55 S. W. 9, 21 Ky. Law Rep. 1339, the facts of the case are thus stated: "It was shown that, before these regular trips began, the agent of appellant went to Warsaw to see the retail merchants, and made arrangements for them to take oil from the tank wagon. When the wagon made its regular trip, each merchant would take such oil as he wanted or as was needed to fill his tank. Sometimes the merchant would pay the driver at the time of delivery, and sometimes he would sign a receipt showing the amount of oil received, and pay afterwards." On these facts the court thus states its conclusion:

"We are of opinion that, on the facts proven and as found by the court in its conclusion, the appellant is not guilty of peddling within the meaning of the statute.

"Section 4218 of Ky. St. 1903, provides: "No person shall be deemed peddlers, under sections 4216 and 4217 of this article, for selling tinware, etc., nor merchants, nor their agents for selling by sample." The words "selling by sample" evidently mean by taking orders for future delivery, as the commercial traveler does. It is not necessary for the traveling salesman to carry with him a sample of everything he takes orders for. Indeed, he does not do this, as is well known. There are various well known brands and kinds of staples in all lines of goods and merchandise that are so well known to the merchant that he does not care to see a sample. So in this case it was not necessary for the agent, when the first arrangement was made for regular trips and regular delivery of oil, to exhibit a sample of oils." In the previous case of Brenner v. Com., 9 Ky. Law Rep. 289, it was held that a person whose business it is to make weekly or semiweekly visits to his customers to solicit orders and deliver goods previously ordered is not a peddler within the meaning of the statute. The rule announced in these cases has been very generally adhered to. Davenport v. Rice, 75 Iowa, 74, 39 N. W. 191, 9 Am. St. Rep. 454; Kimmel v. Americus, 105 Ga. 694, 31 S. E. 623; Brookfield v. Kitchen, 163 Mo. 546, 63 S. W. 825; Sierra Gordo v. Rawlings, 135 Ill. 36, 25 N. E. 1006; Hewson v. Englewood, 55 N. J. Law, 522, 27 Atl. 904, 21 L. R. A. 736; Emert v. Missouri, 156 U. S. 296, 15 Sup. Ct. 367, 39 L. Ed. 430; Commonwealth v. Eichenberg, 140 Pa. 158, 21 Atl. 258.

Criminal statutes should never be construed as to catch those who have honestly conformed to the law as it has been expounded by the proper authorities; and, when a certain thing has been held by this court to be allowable under a statute, refined distinctions should never be made, so as to bring within the statute persons who honestly acted in conformity with the rule that had been declared. If the rule is found to work badly, the remedy may be supplied by the Legislature, and, when the law is changed, all persons having notice of the change may conform their conduct to the law. Were the rule otherwise, persons would have great difficulty in conducting their business safely.. The proof here shows that the defendant delivered gasoline only to its regular customers, filling the tanks weekly under the previous arrangement to this effect. This was not a peddling of oil as the term is generally understood. Such deliveries of gasoline were essential to the purchasers carrying on their manufacturing plants. They could not take more gasoline at a time than their tanks would hold; and it was important that some gasoline should be kept in the tanks, that the work should not stop until the tank could be refilled. There was no evasion of the statute, or effort to do so. The parties acted in good faith. The case would be essentially the same if a merchant doing business in Augusta had, under a previous arrangement to that effect, filled every week the coal oil can at the home of one of his customers. The mere delivery of goods to a customer is not peddling. The offense of peddling without license is committed where goods are hawked about, and offered and sold to any one who will buy; but the statute is not intended to obstruct ordinary business, or to prevent the delivery of goods to a regular customer

under a general arrangement, such as is regularly made with milkmen and the like. Under the evidence, the court properly instructed the jury peremptorily to find for the defendant.

Judgment affirmed.