## Kentucky Consumers Oil Company v. Commonwealth.

(Decided October 7, 1921.)

### Appeal from Spencer Circuit Court.

1. Licenses—Sale of Oils.—Ky. Stats., sec. 4224, requiring those selling petroleum or other oils at retail to procure a license for each wagon used in such sales, was not intended to embrace a sale of not less than 500 gallons of oil at a time to a lighting plant, which had contracted for the quantity of fuel oil required to operate its plant, deliverable in the quantities aforesaid.

2. Licenses—Sale of Oils—Sale by Retail.—"Retail" means to sell in small quantities, a little at a time, hence a delivery of oil in quantities of not less than 500 gallons at a time to a customer who purchased from a refiner all the fuel oil necessary to operate its plant, was not a sale by retail within the contemplation of Ky. Stats., sec. 4224.

EDWARDS, OGDEN & PEAK for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and CHAS. H. SANFORD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellant was indicted, and upon trial found guilty of a violation of that part of Kentucky Statutes, sec. 4224, pertaining to license taxes, reading as follows:

"To selling by retail, petroleum, lubricating or other oil, for each wagon used in transporting or retailing such oils, fifteen dollars for each county in which each wagon is so used."

Appellant is a refiner of and dealer in lubricating and other oils; its chief office is in Louisville. Under a contract made at its Louisville office with M. F. Cheek, of Spencer county, appellant agreed to furnish to the latter all the fuel oil needed by him in the operation of his lighting plant at Taylorsville. Delivery of the oil was made in tank wagons holding from 500 to 600 gallons. In no instance did the quantity delivered amount to less than 500 gallons.

Until the destruction of his lighting plant by fire, Cheek purchased from 600 to 700 gallons of oil each month.; similar deliveries of oil were made to Clint Henry, of Spencer county, for use at his flour mill.

The indictment in the instant case was not for the offense of peddling without a license, as required by Ky. Stats., sec. 4215. In Standard Oil Co. v. Commonwealth, 107 Ky. 655, 55 S. W. 8, and Hays v. Commonwealth, 107 Ky. 655, 55 S. W. 425, it was held that sales from tank wagons to merchants for resale were not peddling, while sales from similar wagons to consumers, not merchants for resale, were held in Standard Oil Co. v. Commonwealth, 26 Rep. 142, 80 S. W. 1150, to be peddling.

However, the mere delivery of goods to a customer is not peddling, it was so held in Commonwealth v. Standard Oil Co., 129 Ky. 744, 112 S. W. 902, where the customer, a manufacturer, had a tank which was filled by the Standard Oil Company once a week under a standing arrangement, without any specific orders being given in advance. The company had similar arrangements with other customers.

The present indictment is for an alleged violation of sec. 4224, to-wit: for retailing oils without a license.

In Standard Oil Co. v. Commonwealth, 119 Ky. 1, 82 S. W. 970, decided subsequent to the enactment of sec. 4224, supra, it was held that sales to merchants for resale, though commercially wholesale transactions, constituted retailing within the contemplation of the statute. The court was of the opinion that as the law in force had been construed to mean sales to consumers it was evident the

new act was intended to include those classes of sales held not to have been embraced by the former statute, viz.: sales to merchants for resale.

Appellant was not a peddler within the meaning of sec. 4215, nor was it selling to merchants for resale; it was merely making deliveries of oil in wholesale quantities to a customer pursuant to a contract theretofore entered into at its chief office. Appellant furnished all the fuel oil used in the operation of the lighting plant, delivering same as needed, but never in quantities less than 500 gallons.

"Retail," according to the Century Dictionary, means to sell in small quantities, a little at a time, a definition cited with approval in Standard Oil Co. v. Commonwealth, 119 Ky. 1, *supra.* As defined by Webster it is a sale of commodities in small quantities or parcels. See Katzman v. Commonwealth, 140 Ky. 124, 130 S. W. 990, 30 L. R. A. (N. S.) 590.

Bouvier defines "wholesale" as being a sale by large parcels, generally in original packages and not by retail. Or as defined by the International Dictionary, it is a sale of goods by the piece or in large quantity. It is thus distinguishable from those made in small quantities, which are regarded as sales at retail. See Commonwealth v. Poulin, 187 Mass. 568, 73 N. E. 655; Commonwealth v. Greenwood, 205 Mass. 124, 91 N. E. 141, 18 Ann. Cas. 185; The Texas Co. v. Stephens, 100 Tex. 628.

There is a well defined and clearly understood distinction between the words "retail" and "wholesale;" they are used in opposition one to the other, one being a sale in large quantities, the other in small quantities. Whether the sale is one by retail or wholesale will depend upon the facts of the particular transaction. We experience no difficulty in deciding that the sale of oil in quantities of not less than 500 gallons at a time to one customer is not a sale at retail.

It is true that in Standard Oil Co. v. Commonwealth, 119 Ky. 1, *supra,* sales of oil in quantities of not less than 25 gallons were held to be within the purview of the statute, but the facts of that case were quite different from those here. There appellants made a number of sales in comparatively small quantities to several customers from one tank wagon; here there was a single sale to one customer in an amount so large as to almost tax the capacity of the delivery tank. Indeed the quantity sold on each delivery was such that it would have been impossible

to serve two customers a like quantity from one wagon, and it is not shown that any sales other than those mentioned were made.

Clearly the legislature did not intend that the expression "selling by retail" should include sales such as were made by appellant in the instances cited. The language used is not susceptible of such construction and it is a well recognized rule of statutory construction that the words of the statute, if of common use are to be taken in their natural, plain, obvious and ordinary signification. Lewis' Sutherland on Statutory Construction, sec. 358.

So taken the words referred to could not be said to apply to sales such as were made by appellant, and under the circumstances appellant was not required to take out the license required by the section of the statute aforesaid.

The judgment is accordingly reversed for further proceedings not inconsistent herewith.