### KROGER GROCERY & BAKING CO v SCHWER, Auditor

Ohio Appeals, 6th Dist, Erie Co

No. 311. Decided October 21, 1929

Messrs. Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, and G. C. Steinemann, Sandusky, for Kroger Co.

Messrs. King, Ramsey & Flynn, and Clarence Moyer, all of Sandusky, for Schwer.

**LLOYD, J.**

The only question involved is whether the sales of cigarettes by plaintiff hereinabove enumerated constituted engaging "in the wholesale business of trafficking in cigarettes" within the meaning of 5894 **GC.** According to Webster the term "traffic" means "to pass goods and commodities from one person to another for an equivalent in goods or money" and the term "business", in a general sense, includes every kind of employment, the pur-

pose of which is to gain a livelihood or obtain a profit, but as used in this statute it has, in our judgment, a more restricted meaning. The legislature has not defined what shall constitute "wholesale business" as that term is used in this statute, although it would seem peculiarly proper, if not essential, that this should have been done.

Every one at all familiar therewith knows that it has always been customary for retail dealers of cigarettes to sell, upon request therefor, one or more cartons, and hitherto no one has questioned the propriety of doing so. It would seem, therefore, that it must be assumed that the Legislature intended the statute to apply to sales of larger quantities than custom had established as being within the proper scope of retail business. Since, under the statute, each of the stores of plaintiff must be considered as separate places of business, we have before us four actions rather than one, because the question of whether any one of them is "engaged in the wholesale business of trafficking in cigarettes" must be determined by the character of the business conducted in each store and not by the aggregate of the business carried on in all of them, since the statute provides that the assessment to be paid is "for each place where such business is carried on". In the instant cases, whatever may be the facts otherwise, the evidence discloses but a single sale of one or more cartons in any of these stores, except one of them, where one sale of two cartons was made in February and one of five cartons in April of 1928. In our judgment, a single act or transaction or two isolated and separate transactions, at least under the circumstances disclosed by the evidence, does not constitute engaging "in the wholesale business of trafficking in cigarettes" within the intent and purpose of this statute.

We therefore find in favor of the plaintiff. Decree accordingly.

Williams, J, concurs. Richards, J, not participating.