21755. NORMAN, tax-commissioner, *v.* KNIGHT & SON INC.

DECIDED SEPTEMBER 24, 1932.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, J. A. Smith, W. R. Flournoy, Paul H. Doyal,* for plaintiff in error.

*McCutchen & Bowden,* contra.

STEPHENS, J.  Under the authority of section 17 of the act approved August 29, 1929 (Ga. L. 1929, p. 103), known as the "general sales-tax act," J. T. Knight & Son Incorporated brought suit in the superior court of Muscogee county, against R. C. Norman, tax-commissioner of the State of Georgia, to recover $157.69, which, it was alleged, was illegally exacted from the plaintiff by the defendant in a tax assessment against the plaintiff for taxes claimed due to the State under that act.  From a consideration of the pleadings, the evidence, and the contentions of the parties the following appears undisputed: the plaintiff, in his tax-return to the commissioner, listed an amount in taxes due as a wholesaler, jobber, or broker in the sum of $23.27, computed at a rate of one mill upon specified gross receipts, and an amount in taxes due as a manufacturer, compounder, or producer, in the sum of $44.81, computed at a rate of one half mill upon specified gross receipts.  This made a total of $68.08.  The plaintiff contended that he was a whole-

saler engaged in preparing commodities for sale and doing business as a wholesaler as provided in sections 3 and 4 of the act. The tax-commissioner contended that the plaintiff was not subject to taxation either as a person engaged in the business of preparing commodities for sale or as a wholesaler, as provided in sections 3 and 4 of the act, but was subject to taxation under section 7 of the act, which provided a tax of two mills upon persons engaged in a business not included in the preceding sections of the act, and raised the assessment by $157.69, which, added to the $68.08 returned by the petitioner, amounted to a tax assessed against the petitioner upon both items at a rate of two mills. There is no dispute as to the gross valuation placed by the plaintiff in his return for taxation upon the commodities specified as subject to taxation, but the only dispute is as to the amount of the taxes due, to be determinable by the nature of the plaintiff's business and the tax rate applicable thereto as provided in the act. It appears from the evidence that the plaintiff was engaged in the business of buying, handling, and selling scrap material, such as scrap-iron, steel, copper, brass, lead, etc., that it bought plants like railroads and depots, that it was necessary to dismantle much of the material by the use of acetylene torches and shears, that the material had to be cut, separated, and assorted, worked, and cleaned, and thus prepared for sale, that by such preparation the value of the material was increased beyond its initial cost plus the cost of preparation, that the material, after preparation, was sold by the plaintiff in carload lots to foundries, mills, and manufacturers in various cities and foreign countries, where it was made into other articles for resale, and that the plaintiff maintained on the road a traveling salesman for the purpose of buying and selling its merchandise. It also appears from the evidence that a few items, such as peas, seed, and pieces of pipe, "or something like that," were sometimes sold at retail, that this was "not a part" of the plaintiff's business, but that such sales were made merely as "an accommodation." The superior-court judge before whom the case was tried, in passing on the law and the facts, found that the plaintiff was engaged in the business of selling at wholesale articles and commodities which it had prepared for sale, that the plaintiff had made a proper and legal return of its business for taxation, and was entitled to recover the additional $157.69 which it had paid

under the assessment made by the defendant, and gave judgment accordingly in this amount with interest thereon as provided by law.

Notwithstanding the plaintiff may have sold a few articles for mere accommodation at retail, such sales were not made as part of the plaintiff's business. It is clear, therefore, that the plaintiff's business was that of a wholesaler, and that it was not engaged in the business of selling at retail. These small retail transactions can be disposed of by the application of the maxim de minimis non curat lex. The Supreme Court of Georgia, in *Georgia Paper Stock Co. v. State Tax Board of Georgia*, 174 Ga. 816 (164 S. E. 197), held that where one "was engaged in purchasing raw material known as 'waste paper, assorting, classifying, cleaning, and baling, and putting the same in condition for sale as "paper stock" and known to the trade as such,'" the business should be classified under section 3 of the act as a business in which commodities are prepared for sale, and was subject to a tax of only one half of one mill. The plaintiff's business was taxable under sections 3 and 4 of the act, as a wholesaler preparing commodities for sale, and it is subject to a tax of only one mill as a wholesaler, and one half of one mill as one engaged in the business of preparing commodities for sale. Such business is not taxable under section 7 of the act providing for a tax of two mills upon a person engaged in a business not included in the preceding sections of the act. The verdict and judgment for the plaintiff were authorized.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*