## MAGNOLIA PETROLEUM CO. v. CITY OF BROKEN BOW et al.

No. 28538.   Feb. 14, 1939.

Blakeney, Wallace, Brown & Blakeney and W. H. Francis, for plaintiff in error.

Tom Finney, for defendants in error.

GIBSON, J. This appeal is from a judgment of the district court of McCurtain county denying an injunction.

The city of Broken Bow, hereinafter referred to as city, pursuant to the provisions of an ordinance enacted by it, fixing an occupational or license tax against "Merchants —(a) Merchants selling gasoline and oil retail, $25.00; (b) Merchants selling gasoline and oils wholesale, $25.00," threatened its enforcement against the Magnolia Petroleum Company, hereinafter referred to as Magnolia, and the latter's agents. The Magnolia appeals from the denial of injunctive relief against the enforcement of said ordinance.

The ordinance was enacted under the provisions of section 6389, O. S. 1931, 11 Okla. Stat. Ann. sec. 651, which authorizes municipalities to levy and collect a license tax upon those engaged in various occupations. including "merchants of all kinds." The liability of the Magnolia is attempted to be fixed under that classification.

The evidence introduced in support of the Magnolia's application for injunction consisted of an agreed statement of facts, and the oral testimony of its state credit manager, and that of the wholesale agent for the Magnolia at Broken Bow. From that evidence it appears that the Magnolia is a corporation engaged in the business of producing. refining, distributing, and marketing of petroleum and its products within the state of Oklahoma; operates no retail filling stations within the city of Broken Bow; owns a plant within that city, consisting of a warehouse and storage tanks: that the company business is to sell to retailers for the purpose of resale; that the company agent at Broken Bow occasionally makes unsolicited sales directly to consumers, but that such sales to consumers constitute but a negligible part of the company business.

The Magnolia contends that it is a manufacturing wholesaler, and that the city was without authority to enact a valid ordinance assessing an occupational license tax upon it as such manufacturing wholesaler.

The city urges that the Magnolia is a retailer and by that reason is subject to the license tax sought to be assessed.

The appeal is presented by the Magnolia upon the propositions that (1) the city was without authority to enact an ordinance assessing an occupational license tax against a manufacturer or wholesaler; and (2) that the plaintiff is not a retailer within the meaning of section 6389, supra, authorizing a municipality to assess an occupational license tax.

Section 6389, supra, does not enumerate those engaged in the business of selling gasoline and oil at wholesale or retail. If the business of the Magnolia comes within said statutory provision, it must fall within the statutory classification of "merchants of all kinds."

The evidence is that the Magnolia distributes and markets only oil and gasoline products of its own mining, production, and refining. The evidence does not show that the Magnolia buys such products for resale.

A merchant is one who buys to sell, or buys and sells, goods or merchandise in a store or shop. Two essentials are necessary to constitute one a merchant in the ordinary meaning of the word, namely, that he must buy and sell, and that he must keep a shop or store for that purpose. The courts give the ordinary meaning to the terms "merchant" and "manufacturer." One who simply manufactures an article and sells it is not a merchant. Although a manufacturer may be a merchant if he buys and sells goods, he does not become one by disposing of the goods he has produced, at a manufacturer's profit. We are aware of no section of our statutes, nor has our attention been called to any, which defines the terms "merchant" or "manufacturer" and in the absence of such provision these words must be given their ordinary meanings above discussed. Under the evidence before us the Magnolia is not a "merchant" as enumerated in section 6389, supra. Cain's Coffee Co. v. City of Muskogee. 171 Okla. 635, 44 P.2d 50; Grantham v. City of Chickasha, 156 Okla. 56, 9 P.2d 747.

The sole provision under which a municipality may levy an occupational license tax is contained in said section 6389, supra. The powers therein given may not be enlarged upon. This section confers no right to require such license for manufacturers or wholesalers. Municipal corporations can exercise only such powers of legislation as are given them by the law-making power of the state, and grants of such powers are strictly construed against the municipality, and when any doubt exists as to the grant of the power, such doubt is resolved against the municipality and the existence of the power denied. Cain's Coffee Co. v. City of Muskogee, supra, and cases therein cited.

The evidence as to the sales in negligible quantities directly to consumers is insufficient to constitute the Magnolia a retailer for purposes of occupational license taxation. Kroger Grocery & Baking Co. v. Schwer, 36 Ohio App. 512, 173 N. E. 633; Norman v. J. T. Knight & Son, 45 Ga. App. 760, 165 S. E. 899; Kentucky Consumers' Oil Co. v. Commonwealth, 192 Ky. 437, 233 S. W. 892.

The judgment is reversed, and the cause remanded, with directions to grant a permanent injunction.

BAYLESS, C. J., and RILEY, OBBORN, and DAVISON, JJ., concur.