## BOARD OF TRUSTEES OF TOWN OF CANTON v. GUNNING.

No. 30225. Feb. 17, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 817.*

T. C. Knoop, of Canton, and E. Blumhagen, of Watonga, for plaintiffs in error.

Falkenstine & Fisher, of Watonga, for defendant in error.

WELCH, C. J. Lora Gunning sued for injunction against the town officials to prevent enforcement of a certain town ordinance providing for the payment of an occupation tax by "merchants dealing in cream, poultry, eggs and hides, the sum of $10.00 per annum, payable in advance." Plaintiff sought specifically to restrain town officials from prosecuting her for failure and refusal to pay said license fee.

The question here is whether plaintiff has shown a right to injunctive relief.

The rule is stated in Yale Theater Co. v. City of Lawton, 35 Okla. 444, 130 P. 135, to the effect that equity will restrain by injunction criminal proceedings under an invalid ordinance, which, if allowed to proceed, would destroy property rights and inflict irreparable injury, and upon that rule applicant relies. The rule is most frequently applied in cases involving occupation tax ordinances.

Assuming that applicant has made sufficient showing to satisfy the rule as to destruction of property rights and the infliction of irreparable injury, it is our conclusion that she has failed to show invalidity of the ordinance.

In urging that the ordinance is invalid as exceeding the town's delegated powers, plaintiff relies upon Magnolia Petroleum Company v. City of Broken Bow, 184 Okla. 362, 87 P. 2d 319, and Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P. 2d 50. The Magnolia Case holds that section 6389, O. S. 1931, "confers no right to require such license for manufacturers or wholesalers." Therein holding that the ordinance of the city of Broken Bow was invalid as in excess of statutory power wherein it provided for occupation tax of "merchants selling gasoline and oils wholesale."

The ordinance attacked in the Cain's Coffee Company Case, supra, provided:

"Section 1. License required. It shall be unlawful for any person, firm or corporation to distribute, deliver, offer for sale or sell at wholesale any fruits, groceries, and/or vegetables within the City of Muskogee, Okla., without first obtaining a license therefor."

In that case the court stated that section 6389, O. S. 1931, is the only statutory provision granting authority to cities to levy occupation taxes, and "said section nowhere refers to the right to require a license for wholesalers."

We shall discuss those cases further in connection with another phase of this case. At present, however, we think it

is obvious that such cases do not sustain plaintiff's position that the present town ordinance is invalid. The portion of same quoted, supra, does not attempt to tax wholesalers. Nor do we observe any reason wherein the ordinance exceeds the authority granted by section 6389, O. S. 1931. We therefore hold that the same is not invalid.

But the plaintiff urges that the ordinance is void as against her and devotes the major portion of her brief toward showing that she is not a merchant within the meaning of section 6389, O. S. 1931, and the town ordinance. Such attack amounts to nothing more nor less than an effort to show that she is not guilty of the violation of a valid ordinance. We might remark here that plaintiff does not contend that the defendants are proceeding in an oppressive or arbitrary manner in their effort to enforce the ordinance, and the record does not disclose any extraordinary circumstances in that regard.

In Stout v. Pardoe, County Atty., et al., 128 Okla. 3, 261 P. 366, this court held:

"Equity will restrain by injunction a proceeding under an invalid·law which, if allowed to proceed will destroy property rights and inflict irreparable injury, but cannot be invoked to prevent public officers from discharging their duty in suppressing violation of law."

To the same effect is Callison v. Kirkpatrick, County Atty., et al., 145 Okla. 132, 292 P. 54, wherein the reasons and authorities are given at greater length. The second paragraph of the syllabus is as follows:

"Courts of equity will not grant relief where complainants have a plain, speedy, adequate remedy for the redress of their wrongs under the law. This doctrine is universally recognized by courts of equity and is founded upon the principle that Legislatures have authority to define the rights of citizens and prescribe the rules by which such rights are to be determined, and where it has done so, litigants have the right to have their grievances determined in conformity therewith."

In those cases the laws under which the proceedings were taken were valid.

True, there is language employed in the Cain's Coffee Co. Case, supra, which would seem to support plaintiff's theory that the court in an injunction proceeding will inquire into the facts to determine whether or not the applicant is guilty of violating a valid ordinance. Therein the court pointed out at considerable length that the Coffee Company was not a merchant within the meaning of section 6389, O. S. 1931. However, the opinion is not based upon such remarks or conclusions, but is based upon the conclusion that the ordinance there sought to be enforced is invalid.

In the Magnolia Case, supra, the court held that the city ordinance wherein it attempted to levy an occupation tax on wholesalers was invalid. However, that case shows that there is an ordinance levying a tax upon "merchants selling gasoline and oil retail." That case further shows that injunction was sought against enforcement of that provision as well as the provision as to wholesalers. The court did not hold the provision as to retailers invalid, but stated in that connection as follows:

"The evidence as to the sale in negligible quantities directly to consumers is insufficient to constitute the Magnolia a retailer for purposes of occupational license taxation."

It was not wholly necessary that we go that far in determining that case. The plaintiff there was a manufacturer and wholesaler. The real question there involved was whether the town could require a license for such occupation or business. That is, the real question was whether the ordinance was valid as to wholesalers. It was not, and we so held. The enforcement effort there related to the provision taxing wholesalers.

Insofar as any language in the opinion in the Magnolia Case or the Cain Coffee Co. Case indicates or infers that resort may be had to an injunction suit merely to establish lack of guilt of violating a valid ordinance, we disapprove such language.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to deny the relief asked by the plaintiff.

CORN, V. C. J., and RILEY, BAYLESS, HURST, and ARNOLD, JJ., concur. OSBORN and GIBSON, JJ., dissent. DAVISON, J., absent.