### CITY OF TULSA v. MIZEL.
No. 35662.

Supreme Court of Oklahoma.
Dec. 1, 1953.

Rehearing Denied Jan. 12, 1954.

A. M. Widdows, Edmund Lashley, Harry M. Crowe, Jr., and William M. Fleetwood, Jr., Tulsa, for plaintiff in error.

Saul A. Yager, Tulsa, for defendant in error.

WELCH, Justice.

Abe Mizel, owner of certain real estate in the City of Tulsa, addressed a written application to the Building Inspector of the City of Tulsa for a certificate of occupancy authorizing the said Mizel to use his said property in the wholesale and retail of new and reconditioned oil well supplies. The application was denied and Mizel appealed to the Board of Adjustment of the City of Tulsa. The Board of Adjustment sustained the action of the Building Inspector and Mizel appealed to the District Court. The court, upon trial de novo, entered its judgment reversing the ruling of the Board of Adjustment and ordered said board to direct the Building Inspector to issue said certificate of occupancy. The Board of Adjustment of the City of Tulsa brings this appeal.

The facts are not in dispute. The Mizel property is zoned for "class U–3 uses; Commercial District." Mizel desires to use his property for the retail and wholesale of oil well supplies and in such use would place and display oil well supplies on the premises in the open air or unhoused. The city's zoning ordinance provides:

"Section 3. * * .* the various uses of buildings and premises are divided into classes and subdivisions as set forth in the following classification of uses:

* * * * * *

(c) Class U–3–uses: Commercial District
   (1) All U–1 and U–2 uses
   (2) Retail and wholesale business

(d) Class U–4 uses: Industrial District
   (1) All U–1, U–2 and U–3 uses
   (2) Manufacture and Industry.

"Section 4. Commercial and Industrial uses named. The following classification list shall be used by the Building Inspector in determining the classification of Commercial and Industrial uses and in carrying out the provisions of this ordinance.

Commercial uses (wholesale and retail)
* * * * * *

Oil Well Supplies
* * * * * *

Industrial Uses (Industry and Manufacturing).

Pipe and Oil Field Supply Yard
* * *"

The Board contends the trial court erred in holding that under the zoning ordinances of the City Mizel is entitled to use and occupy his certain property for the wholesale and retail of new and reconditioned oil well supplies, his said property being located in what is known as a "U–3 District Classification," and it being contem-

plated that Mizel would display such supplies unhoused on said premises.

The question is resolved in a proper interpretation of the ordinance, supra.

It is argued that a display of unhoused new and reconditioned oil well supplies on a city lot would constitute the place a "Pipe and Oil Field Supply Yard" within the meaning of the ordinance, supra, and constitute a use of the premises such as is permitted only as to property located in what is known as a "U–4 District Classification." In argument reference is drawn to State Statutes providing for the licensing of dealers in used materials and to a provision therein which contains a definition of the word "yard."

■ The City's ordinance contains no definition of the word "yard." In construing the ordinance we must look to the sense in which the words are used in their connection to the whole context. The term "pipe and oil field supply yard" might be said to be descriptive of a place where oil well supplies are displayed and offered for sale, but such term assumes a far greater meaning as used in the ordinance to describe an industrial use of premises, with express reference to industry and manufacturing, and as distinct from a commercial use of premises, referring to retail and wholesale business.

■ It is only in the meaning to be derived from the term "pipe and oil field supply yard" that goes beyond what may be said to be a commercial use that there appears to be an express restriction on a use of premises located in what is known as a "U–3 District Classification." The ordinance provides that U–4 Industrial District uses shall include all U–3 Commercial District uses, or all wholesale and retail business, and also "Manufacture and Industry." Limitations of uses are first stated in the broad terms "wholesale and retail" business and "manufacture and industry." Any conflict in the commercial and industrial uses named in the ordinance must be resolved most favorable to the land owner's full use of his premises, and with regard to the meaning of the terms "wholesale and retail business," and "manufacture and industry." It is unnecessary herein to explore the meaning of the term "manufacture and industry" as used in the ordinance.

In the ordinance, under the term "Class U–3 uses; Commercial District," there is listed "Retail and Wholesale business." There follows a statement of uses by name, and under a classification of "commercial uses (wholesale and retail)" there is listed "oil well supplies." Thus by express terms the ordinance lists wholesale and retail business in oil well supplies under Class U–3 Commercial District uses.

■ In Modern Builders v. Building Inspector of City of Tulsa, 197 Okl. 80, 168 P.2d 883, it is said:

"Zoning ordinances, being in derogation of the common-law right to use private property so as to realize its highest utility, should not be extended by implication to cases not clearly within their scope and purpose."

In Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134, the Arizona court said:

"Zoning ordinances, being in derogation of common-law property rights, will be strictly construed and any ambiguity or uncertainty decided in favor of property owners."

Without doubt, a wholesale and retail business in oil well supplies as relates to a use of premises speaks of a buying and selling of oil well supplies and of a display of oil well supplies for sale on the premises.

With accord to the rules of construction above set forth we hold that the ordinance of the City expressly authorizes a wholesale and retail business in oil well supplies on premises located in what is known as a U–3 District Classification.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.