H. Lyman CAUVEL, Plaintiff in Error,

v.

The CITY OF TULSA, a Municipal Corporation, in the State of Oklahoma, Defendant in Error.

No. 39316.

Supreme Court of Oklahoma.

Jan. 30, 1962.

Ted R. Fisher, Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal from a judgment of the lower court affirming the action of the Board of Adjustment of the City of Tulsa in sustaining the order of the City Building Inspector directing the plaintiff in error to cease using his residence in violation of the City's zoning ordinance. Plaintiff in error will be referred to as plaintiff.

The record reflects that plaintiff was, during the time herein mentioned, a professional engineer and registered under the laws of the State of Oklahoma. He is also referred to as a consulting engineer. For a number of years plaintiff carried on or practiced his profession in space in business buildings in Tulsa. This involved consulting with clients and drawing plans and preparing specifications for structures and projects. He employed one or more

employees to assist in the performance of this work.

During the above period of time and about September, 1955, plaintiff acquired and occupied as his family residence the property located at 3342 East 41st Street in Tulsa. Thereafter he closed in the front of the garage and converted the space to a playroom and also added a storage room and carport to the rear of the house. In 1957 plaintiff moved his office and all operations connected with the practice of his profession to his residence, using the playroom and storage space for this purpose. The playroom will accommodate two employees with office and drawing equipment and the storage space three employees and similar equipment. Plaintiff has one employee at all times and has had as many as five employees.

In March, 1958, the City Building Inspector ordered plaintiff to cease operations at his residence as being in violation of the City's zoning ordinance. Plaintiff prosecuted subsequent appeals. The lower court held that under the provisions of the zoning ordinance the plaintiff, as a recognized professional man, could as an accessory use, have an office in his private residence and use members of his household, but could not practice his profession as a professional engineer in such private residence.

Zoning ordinance No. 7937 establishes a comprehensive plan of land use classifications and land use districts. The question is whether the trial court correctly construed the applicable portion of the ordinance. There is no issue of prior nonconforming use and undue hardship or as to the validity of the ordinance.

Section 2 of the ordinance establishes 15 Use Districts. Plaintiff's residence is located in the Class U–1A, Restricted Residence District for single family dwellings as defined in Section 2. This is the first and highest use classification of three residence districts restricted to single family dwellings and is more restricted than all other use classifications. Under "Class U–3B Uses (Professional Office District)" the permitted uses include:

"2. The offices of persons engaged in the practice of the following professions:

*     *     *     *     *     *

"(gg) Engineering * * *".

The ordinance also provides as follows:

"Section 12. Accessory uses—uses prohibited:

"(a) An accessory use customarily incident to a use permitted in any use district shall be permitted in such district except as otherwise limited by the ordinances of the City of Tulsa. In no event shall a use classified in a less restrictive use district as defined in Section 2 be permitted as an accessory use in any more restrictive use district, provided:

"1. * * * A store, trade, business or practice of a profession shall not be permitted as an accessory use, except that the office of a recognized professional man may be located in the dwelling or apartment used by such person as his private residence, and except that any person carrying on a customary home occupation may do so in a dwelling or apartment used by him as his private residence, provided that no persons other than members of his own household are employed in such occupation, * * *".

█ Both parties agree on the proposition that zoning ordinances are to be strictly construed and not extended by implication, and any ambiguity or uncertainty should be decided in favor of the property owner. City of Tulsa v. Mizel, Okl., 265 P.2d 496.

█ It is also well settled that the restriction of use of property by municipalities, when proper and reasonable, is an authorized exercise of police power, delegated to municipalities by statute specifically clothing municipalities with the power to zone by legislative enactment. 11 O.S.1951 § 401 et seq. Beveridge v. Harper

& Turner Oil Trust, 168 Okl. 609, 35 P.2d 435.

Plaintiff contends that as a recognized professional man he may, under the provisions of the ordinance, practice his profession in an office in his private residence. It is conceded that plaintiff is a recognized professional man and plaintiff admits he is practicing his profession in his residence.

Section 12 permits an accessory use customarily incident to a use permitted in any use district "except as otherwise limited" by ordinance. Section 12 then provides that a use classified in a less restrictive use district shall not be permitted as an accessory use in any more restrictive use district. In addition to this general limitation Section 12 specifically provides that the practice of a profession shall not be permitted as an accessory use. Plaintiff's residence is admittedly in use district U–1A which is the most restrictive use district. As shown above Class U–3B Use District is the professional office district for the practice of professions including engineering and is a less restrictive use district. It is clear to us that plaintiff is expressly forbidden to practice his profession in his private residence under the existing circumstances.

Plaintiff also urges that the exception in Section 12, allowing a recognized professional man to have an office in his dwelling or apartment, by necessity or proper construction permits him to practice his profession in his private residence. In the presented situation this contention is directly contrary to, and if correct, would nullify the preceding express denial of any such right. To sustain this contention could result in the exclusive residential character of Use District U–1A being destroyed. We cannot conceive that the authors of the ordinance or the City of Tulsa intended any such result.

We are inclined to believe that the exception permitting an office "in the dwelling or apartment" relates to the provisions of Class U–3B (Professional Office District) allowing uses permitted in a U–2A District (Multiple Dwelling District), which in turn allows uses permitted in a U–1C district. Class U–1C is the third and least Restricted Residence District permitting single family dwellings. However, plaintiff's residence is not in a U–2A or U–1C district and the question of allowance of an office or practice of a profession in a private residence in those use districts, as being within the exception, is not presented and no opinion or decision is expressed or given thereon. We find nothing in the ordinance that in any way relaxes the prohibition against practicing a profession in a class U–1A Use District. The lower court held that plaintiff could have an office in his residence. The City has not cross-appealed from this part of the judgment. We interpret the judgment of the lower court to be that plaintiff may use such office only for purposes purely incidental to the operation of practicing his profession.

■ The lower court further held that the proviso in the last portion of the above quotation from Section 12, limiting employment to use of members of the household of the occupant of the private residence, applied to plaintiff as a recognized professional man in having an office in his private residence. Plaintiff's main objection to such interpretation was in connection with his contention that plaintiff could practice his profession in the residence and use any person he wished to employ. However, we understand plaintiff to also object to such limitation in relation to the office in his residence. Plaintiff contends the proviso applies only to the exception regarding a person carrying on a customary home occupation. We do not agree with this contention.

The exception of the office of a recognized professional man and the exception of a person carrying on a customary home occupation are restricted to the dwelling used by each as his private residence. Both exceptions are specific accessory uses to the previously established Class Use. In this case that is U–1A which is the first and most restrictive use classification. To sus-

tain plaintiff's contention could conceivably permit an accessory use to impair or destroy the main use classification. We do not consider the words "such occupation" as necessarily referring to a customary home occupation when considered in context with the preceding portion of the sentence. In general there is no particular distinction between a profession and an occupation. "The word 'occupation' * * must be held to have reference to the vocation, profession, trade or calling * * * engaged in * * *." Evans v. Woodman Acc. Ass'n, Kan., 102 Kan. 556, 171 P. 643, 644, L.R.A.1918D, 122. The interpretation of the lower court was correct under the circumstances presented in this case.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., dissents.