**STONER et al. v. HYDE.**

No. 10159—Opinion Filed May 17, 1921.

(Syllabus.)

1. **Injunction—Right to Writ—Adequate Remedy at Law.**

Where persons have a plain, sufficient and adequate remedy at law, they are not entitled to invoke the extraordinary remedy of injunction.

2. **Same—Administrator's Sale of Lands Constituting Homestead—Remedies.**

Where the county court is administering on an estate by its duly appointed administrator and such administrator files a petition to sell lands belonging to the estate which certain of the heirs contend is the homestead of the deceased and not subject to sale, this constitutes a defense that may be set up in resisting an order of sale in the county court on such petition. Under this state of facts, the county (probate) court has jurisdiction and such heirs have a plain, sufficient, and adequate remedy at law by setting up their claim of homestead and by contesting such sale in the county court. Such heirs are not entitled to an injunction to prevent the contemplated sale before a hearing has been had in the county court on such petition.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Emma Hyde Stoner and others against George L. Hyde, individually, and George L. Hyde as administrator of the estate of Rolandis H. Hyde, deceased, to enjoin the administrator from procuring orders in the county court of Garfield county to sell certain lands belonging to the estate of Rolandis H. Hyde, deceased. Judgment denying the injunction and dismissing the action, and plaintiffs appeal. Affirmed.

H. Z. Wedgwood, for plaintiffs in error.

J. C. Moore, for defendant in error.

MILLER, J. This was an action brought in the district court of Garfield county by Emma Hyde Stoner et al. against George L. Hyde, individually, and against George L. Hyde, administrator of the estate of Rolandis H. Hyde, deceased, to enjoin the said George L. Hyde as administrator from procuring orders in the county court of Garfield county to sell certain lands belonging to the estate of Rolandis H. Hyde, deceased, and from making such sales.

The defendant filed a motion to dismiss the action for the reason that the court had no jurisdiction to hear and determine the same; that the jurisdiction of said property was in the county court. A hearing was had on said motion and the motion was by the court sustained, the action dismissed, and judgment rendered against the plaintiffs Emma Hyde Stoner and Zella Pearl Meek for the costs, the other plaintiffs being minors. From this judgment, the plaintiffs appeal. The parties will be referred to as they appeared in the court below.

It is contended by the plaintiffs in their petition that the land in controversy was the homestead of Rolandis H. Hyde and his wife, Emma Hyde, and their minor children, and that it does not pass into the hands of the

administrator, Emma Hyde Stoner was the widow of Rolandis H. Hyde, deceased, and she was occupying the said property together with her minor children at the times herein complained of. This particular land was not the homestead of the deceased, Rolandis H. Hyde, but the administrator exchanged two lots in the city of Enid, being the original homestead, for the land in controversy in this action subject to a mortgage of $300. The adult plaintiffs, Emma Hyde Stoner and Zella Pearl Meek, appear in the petition in this action to have ratified said exchange, accepted it in lieu of the original homestead, and Emma Hyde Stoner with her children is occupying the same as such. They say the $300 mortgage was given on the same day the exchange of property was made, and that George L. Hyde, as administrator, received the proceeds from said mortgage; that the property in controversy is of equal value with the property that constituted the original homestead and they are not making any complaint about the exchange of property. They insist on having the $300 mortgage canceled because it was not a debt created by Rolandis H. Hyde and Emma Hyde or made a lien by any act of Rolandis H. Hyde and Emma Hyde during his lifetime and the homestead is not subject to the payment of his debts.

On these allegations in the petition, it is clear that the plaintiffs should have made their objection in the county court of Garfield county. They could have made their showing in that court that the property was the homestead and could not be alienated for the payment of debts. We cannot assume that the county court would have acted in violation of the statute. Even if the county court had disregarded the statute relating to homesteads, the plaintiffs had a plain, adequate remedy at law, and were not entitled to invoke the extraordinary remedy of injunction. A void sale of the homestead would not pass any title to the purchaser, and nothing that the administrator of the estate might do in violation of expressed statutes would deprive the minors of any interest they had in the homestead property. For these reasons, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.