**KEATON v. OKLAHOMA CITY et al.**

No. 28924.   April 30, 1940.

Rehearing Denied May 28, 1940.

*102 P. 2d 938.*

Keaton, Wells & Johnston, Charles Swindall, and Charles Hill Johns, all of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error City of Oklahoma City.

Edward M. Box, of Oklahoma City, for defendant in error Davon Oil Company.

WELCH, V. C. J.   This is a suit for damages, for cancellation of oil lease and for injunction, by J. R. Keaton, plaintiff, against the city of Oklahoma City, a municipal corporation, and Davon Oil Company, a corporation, defendants.

The trial court sustained the separate general demurrer of both the defendant city and the defendant Davon Oil Company. The plaintiff elected to stand upon his amended petition, and the trial court dismissed plaintiff's amended petition and rendered judgment for the defendants.

The plaintiff, Keaton, owned lots adjoining a tract owned by the city and designated as Riverside Park. In 1933 an ordinance of the city extended an oil drilling zone to include plaintiff's property and Riverside Park. Thereafter the city leased the park tract for oil development, and the lessee or assignee obtained proper permit to drill, as required by law, and immediately drilled wells on the park tract to production. Such wells had produced oil for some years, or at least more than one year before this suit was filed. The plaintiff sought in a former action to prevent

the execution of the oil lease and the granting of the permit to drill, but such effort did not succeed. See Oklahoma City v. Keaton, 178 Okla. 294, 62 P. 2d 981.

The plaintiff by this action seeks to cancel the lease and to restrain further production from the oil wells and to recover damages. He avers damage to his property on account of the proximity thereto of the oil wells, which produce bothersome odors and noises and increase fire hazards, and as his chief attack questions the authority of the city to pass the zoning and authorizing ordinances and the validity thereof. The zoning ordinance here involved is the same ordinance No. 4475 mentioned in Oklahoma City v. Keaton, supra, and in Keaton v. Brown, 171 Okla. 38, 45 P. 2d 109. Any hazard of the oil wells will be assumed to be covered by proper bond. It is so required by law.

The plaintiff here urges reversal on five grounds or propositions. The first three propositions were expressly presented and decided adversely in Keaton v. Brown, supra, Hubbard v. Oklahoma City, 177 Okla. 263, 58 P. 2d 547, and Beveridge v. Harper & Turner Oil Trust, 168 Okla. 609, 35 P. 2d 435, and in other cases referred to in the above-cited decisions. On account of the similarity of the questions here presented and the clarity of the above-cited decisions on each question, we deem it not necessary to here discuss these propositions further. We must take it as settled by our many former decisions that the city, by proper legislation, and by the legislation here attacked, may authorize and regulate the drilling for oil in the city limits.

The plaintiff in his fourth proposition contends that the defendant, Oklahoma City, never acquired title in fee simple to any portion of the land included within the boundaries of said Riverside Park, hence had no legal authority to alienate same. But, even if it were conceded that the city acquired such title, still it had no legal authority to divert the use of any part thereof from park

purposes to that of mining for the production of crude petroleum.

The reservation of title complained of is, "that no less than ten acres of said reservation shall be set apart and used by said city for the location of public buildings, and for a public park."

We are of the opinion that, although the conveyance contains the above use provision, it does not restrict the use of the land to that sole purpose, as is here contended. In Phillips Oil & Gas Co. v. Lingenfelter (Pa.) 105 Atl. 888, 5 A.L.R. 1495, the court said:

"The insertion in a deed of a parcel of land to a school district upon which to erect a schoolhouse of the words 'for school purposes only' does not restrict the title of the district or prevent its leasing the property for the production of oil and gas."

In Priddy v. School District No. 78, 92 Okla. 254, 219 P. 141, 39 A.L.R. 1334, we had under consideration a deed made to the school district, which deed contained the following provision: "As long as used for a schoolhouse site." In after years the school site was leased for oil and gas purposes by the school board and after oil was discovered the owner of the reversionary interest brought suit to recover damages by reason of the production of oil upon said property. We held that the deed conveyed fee-simple title subject only to abandonment as a school site.

The plaintiff contends in his fifth proposition that he has a valuable vested property right in said park in the nature of an easement, of which right and interest he has been deprived by the alleged wrongful acts of the defendants. This contention may be answered by referring to Reichelderfer v. Quinn, 287 U. S. 315, 53 S. Ct. 177, which held that:

"Landowners derived no rights against government merely from dedication of near-by land as park; such dedication being declaration of public policy, which same or succeeding Congress might change by devoting land to other uses."

In the case of East Chicago Co. v. City of East Chicago, 171 Ind. 654, 87 N. E. 17, the court said:

"Owners of private property in the vicinity of a public square, whose means of ingress and egress would not be destroyed or affected by a discontinuance of the use for public purpose, have no vested rights in its continued use as a public square, their losses being merely consequential and not direct, and its discontinuance would not be a taking of private property without compensation."

We find no error in the action of the trial court, and the judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.