TORRANCE et al. v. BLADEL.

No. 31622.   Jan. 30, 1945.

*155 P. 2d 546.*

Breck Moss, of Oklahoma City, for plaintiffs in error.

T. Murray Robinson and Leon Shipp, both of Oklahoma City, for defendant in error.

CORN, J. The defendant in error filed an application with the board of adjustment of Oklahoma City for a permit to erect a two-story tile and stucco structure to be used in the operation of a trailer camp. The plaintiffs in error protested the application before the board, but after hearing the evidence the board granted the permit. Plaintiffs in error then appealed to the district court from said order, and upon the hearing of the appeal the district court granted the permit and thus affirmed the order of the board of adjustment. Plaintiffs in error bring this appeal.

The property involved in this action is the south 50 feet of block 33, Draper Park addition to Oklahoma City. The remainder of the block is owned by one of the protestants, E. L. Torrance, the owner of the Alamo Plaza Courts. This block was in a residential zone until in 1936, when Mr. Torrance purchased all of said block, except the south 50 feet, and procured a permit from the board of adjustment to use this site upon which to erect and operate a tourist court.

The defendant in error was then, and is now, the owner of the south 50 feet of ground involved in this action. Prior to October, 1942, the defendant in error filed an application for a permit to locate a trailer camp upon this lot. The permit was granted by the board of adjustment, and the protestants of said application appealed from the order of the board to the district court, where the case was tried and the application denied for the reason that no proper plan had been attached to the application, the order of the court denying said

application containing a provision as follows:

"It is further ordered and adjudged by the court that this denial shall not operate to prejudice the applicant from filing a new application, supported by a proper plan, or design, of trailer camp and indicating a method of operation commensurate with the neighborhood development."

Thereafter, a second application was filed with the board of adjustment, and on February 15, 1943, the board granted the permit, and the protestants again appealed to the district court, and this time the district court granted the permit. It is the appeal from this order and judgment that is here presented.

The principal contention of the protestants was that the trailer camp would materially damage the tourist courts and would be inconsistent with the neighborhood residential use. The evidence on this question is conflicting, the testimony favorable to the applicant being that there is no substantial difference in use between tourist courts and trailer camps. It is conceded, and well established by the evidence, that the tourists courts at this location are expensive and well kept and meet the approval of the residents of that area. On the other hand, the plans submitted for the trailer camp measure up to a high standard in respect to sanitation facilities and other accommodations for the patrons of the camp, and were approved by the board of adjustment.

The protestants contend that the granting of the permit by the board of adjustment under the facts in this case was an unauthorized exercise of legislative authority, upon the theory that permitting the trailer camp was against the public interest and worked a hardship upon property owners in that locality, and particularly upon the tourist courts.

Power is conferred upon the board of adjustment by 11 O.S. 1941 § 407, as follows:

"(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The question here raised as to the power of the adjustment board to determine such matters is discussed and settled in the case of Oklahoma City v. Harris et al., 191 Okla. 125, 126 P. 2d 988, wherein this court said:

"It is the 'spirit' of the ordinance not to be unnecessarily oppressive or burdensome and unjust to an individual. The 'public interest' would demand that justice be done, and no one be unnecessarily oppressed or have to carry an unwarranted hardship. If exceptions are not to be contemplated and indulged in proper cases, under the terms of the ordinance herein involved, the ordinance then might be in some instances an oppressive, arbitrary, and capricious ordinance, and, therefore, unconstitutional. If it were not for the authority of the board of adjustment, created, by the statute above referred to, the very ordinance in question under these and similar circumstances would necessarily be arbitrary and capricious.

"So the board of adjustment is properly empowered by said statute to determine that in a particular situation, such as the Legislature of Oklahoma under said section, supra, and the city of Oklahoma City under its ordinance, anticipated might arise, the ordinance should not be applied literally and the board of adjustment should make proper adjustment or create an exception to prevent unnecessary hardship.

". . . The power and authority to determine the existence of such a state of facts or exception is not a delegation of the legislative authority; it is merely the delegation of the power and authority, coupled with the duty to perform the function of hearing testimony, to determine if the facts are such as was intended by the city council and Legislature of the State of Oklahoma to be an exception. In re Dawson et al., 136 Okla. 113, 277 P. 226. This is a quasi-judicial function by an administrative board."

In Cash v. Beveridge, Bldg. Supt., et al., 183 Okla. 310, 82 P. 2d 665, this court held:

"The presumption in favor of the correctness of the determination arrived at by the board of adjustment of Oklahoma City in issuing a permit for a 'drilling block,' when such determination has in effect been affirmed by the district court on appeal, should be given great weight; and the discretion exercised should not be interfered with unless arbitrary or clearly erroneous."

Next, the plaintiffs in error contend that the applicant was barred from refiling her application within six months after it was first denied by a rule of the board of adjustment, and that the district court did not have the power to suspend the rule and permit a refiling of the application within six months.

Under the facts and circumstances in this case, it is not necessary to pass upon the power of the district court to set aside a rule promulgated by the board of adjustment. In this case the applicant failed in the first instance to file a sufficient application, in that she failed to submit a plan or design of the accommodations to be constructed and provided for the trailer camp. Without this neither the board of adjustment nor the court would be able to determine the character of the proposed improvements, and therefore would be unable to protect the public interest. As clearly indicated by the order of the court, the application was not denied upon the merits of the case, the court properly held in effect that the six-months rule did not apply in such case.

Further contention is made that the order of the board of adjustment was void for the alleged reason that one of its members was not a lawful member of the board, and for that reason the judgment of the district court is contrary to law.

This contention, being in the nature of a collateral attack upon the right of said member to exercise the authority of his office, is without merit, and cannot be considered in this case where the interests of third parties are involved. See Morgan v. State, 66 Okla. Cr. 205, 90 P. 2d 683; and Franks v. Ponca City, 170 Okla. 134, 38 P. 2d 912.

Under the evidence as shown by the record we are inclined to the view that the order of the board of adjustment and the judgment of the trial court are in keeping with the purpose and intent of the statute and of the zoning ordinance of Oklahoma City, and that said order and judgment are not arbitrary or clearly erroneous, and should not be disturbed.

The judgment of the trial court is affirmed.