Appeal of FRED JONES CO.
CITY OF TULSA v.
FRED JONES CO.

No. 33516.    May 9, 1950.

Rehearing Denied June 20, 1950.

Second Petition for Rehearing Denied
July 18, 1950.

*220 P. 2d 245.*

Chas. R. Bostick, Remington Rogers, and Dean H. Smith, all of Tulsa, for plaintiff in error.

Joseph A. Moran, of Tulsa, for defendant in error.

LUTTRELL, J.  On August 6, 1947, Fred Jones filed with the board of adjustment established in the city of Tulsa under the city zoning ordinance an application for waiver of set-back restrictions so as to permit the erection of a building approximately ten feet beyond the set-back line in the 1200 block on South Boston avenue in said city. No protests against the allowance of the application were filed by property owners in the vicinity of the property of Jones, or by any other citizen of the city. The request was denied by the board of adjustment and Jones appealed to the district court of Tulsa county, where the matter was heard de novo, as provided by 11 O.S. 1941 §408. The district court granted the application as to a portion of the property, and the city appeals.

From the record it appears that in 1930 the city of Tulsa adopted what is known as a major street plan in which South Boston avenue was designated as a six lane, 80-foot thoroughfare. It further appears that on the date of the

application by Jones, South Boston avenue from the center of the city to a point between Twelfth and Thirteenth streets was 80 feet in width, and that south of that point it was 60 feet in width; that under the provisions of the ordinance all buildings thereafter built upon the street where its actual width was only 60 feet were required to be set back ten feet from the property line so that the front of any building erected thereon would be 40 feet from the center line of the street. It appears that Jones had purchased a tract on the west side of South Boston avenue between Twelfth and Fourteenth streets, the frontage of said tract on South Boston avenue being approximately 300 feet. Thirteenth street was not a through street in that, while it opened into South Boston avenue from the east, it was not open to the west, but terminated at the east line of South Boston avenue. Jones proposed to erect on the property purchased by him buildings to house an automobile sales and service business, his plans contemplating a showroom for the sale of automobiles covering approximately 101 front feet in the center of the 300 foot tract. His contention was that unless this set-back requirement was waived as to the proposed building the showroom would not be visible to persons approaching his property from the north until they were opposite the property, and that this was a peculiar situation which worked an unnecessary hardship upon him, unless the set-back requirement was waived by the city, or he was granted an exception thereto as to his property.

The facts upon which he based his contention were that South Boston avenue, north of a point some 54 feet north of his property, did not run north and south, but ran from the northwest to the southeast, and that at a point opposite his property and a short distance south of the north line thereof, it ran due south, thus making an angle or jog just north of his property; that up to the north line of his property and for a short distance south of his north line there was no set-back requirement or restriction, the street being the full width of 80 feet to that point; that immediately north of the north line of his property buildings had theretofore been constructed which extended to the property line, and that by reason of these facts persons approaching his property from the north were unable to see his proposed showroom until they had reached a position in the street opposite the showroom. In order to remedy this situation he proposed to set back a distance of 20 feet from the property line of his property the buildings upon the north part thereof, and to construct his showroom with a removable portion over the ten feet required by the set-back ordinance so that if and when the city decided to widen the street to a width of 80 feet, he could remove the portion covering the ten-foot strip so occupied by him, free of expense to the city, and without damage to the remainder of his buildings. By so doing and by utilizing temporarily the ten foot set-back strip he could enable persons approaching his property from the north to see his showroom and the cars displayed therein as soon as they passed the buildings north of his property. In connection with his application for an exception to the set-back ordinance he agreed to enter into a contract with the city whereby, upon notice that the city intended to widen the street, he would remove the portion of his building covering the ten foot strip without cost or expense to the city. His architect testified that he had attempted to work out some plan whereby the showroom could be located on the property so that it would be visible to those approaching from the north, but had been unable to do so.

The trial court viewed the property and decided that on account of the location of the property; the angle made by South Boston avenue where it approached from the northwest and then turned south, and the fact that the ten foot set-back restriction began in the

northern part of the Jones property, that Jones was subjected to an unnecessary hardship in the strict application of the set-back ordinance, and that the requirements of that ordinance should be waived to permit Jones to erect a building up to the property line as requested by him. The court further found that such variance could be made without violation of the spirit and intent of the major street plan. It required Jones to give a bond in the penal sum of $5,000, guaranteeing removal of the building so far as it covered the ten foot strip adjacent to the property line whenever its removal became necessary in order to widen the street to a six lane highway.

The Tulsa zoning ordinance with reference to the widening of major streets provides as follows:

"Where there are practical difficulties or unnecessary hardships in the strict application of the regulations the Board of Adjustment may vary or moderate these requirements in such manner as to preserve the spirit and intent of the Major Street Plan."

A similar provision is contained in 11 O.S. 1941 §407, sub-division 3.

The city contends that the evidence does not show any practical difficulty or unnecessary hardship in the strict application of the ordinance to Jones; that the mere fact that it will be more profitable to the owner to vary the restriction does not justify the granting of the variance, citing a number of authorities from other states; that the power to grant variances should be sparingly exercised, and when exercised should not be interfered with by the courts, except in extreme cases.

In Van Meter v. H. F. Wilcox Oil & Gas Co., 170 Okla. 604, 41 P. 2d 904, 910, we said that the term "hardship" as used in the zoning ordinance, had reference to the degree of interference with ordinary legal property rights, and that the term "unnecessary hardship" should be interpreted to refer to a hardship peculiar to the situation of the applicant, which amounted to a substantial injustice to the applicant, and the imposition of which was unnecessary to carry out the spirit of the ordinance.

In the instant case the trial in the district court was a trial de novo, 11 O.S. 1941 §408. And in a trial de novo the court has the power to render such judgment or make such orders as the adjustment board should have made. Perry v. Smith, 132 Okla. 181, 269 P. 1074. From the evidence as pointed out above it appears that the situation of the Jones property was peculiar, in that because of the angle or job in South Boston avenue, and the fact that the set-back ordinance did not include a portion of the north part of his property, or the property adjoining his property on the north, his showroom, at whatever point on the property it might be placed, was practically obscured from the view of persons traveling south on South Boston avenue until they reached a point directly opposite the property. It is obvious that a showroom is of great value to anyone engaged in a mercantile business, and especially in the business of selling automobiles, and that any situation which obstructs or interferes with the view of such showroom to some extent works a hardship upon the owner. Had South Boston avenue been a straight street, and had the requirement that buildings be set back ten feet from the property line applied to all buildings thereon, Jones could have arranged his showroom so that it would be visible from both directions, and he would not have been injured, or deprived in any manner of any of the benefits to be derived from the location of a showroom upon his property. But in the instant case, under the peculiar situation in which this property was placed, he did suffer such deprivation if the ordinance was strictly enforced.

Under the arrangement of the building as contemplated by Jones, the variance requested by him was not con-

trary to the purpose or spirit of the ordinance, but was in accord therewith, since the building located upon the ten foot strip was to be removed by Jones when necessary for the widening of the street, without cost or expense to the city, leaving the city in the same situation it would have been had the ordinance been strictly complied with.

In Torrance v. Bladel, 195 Okla. 68, 155 P. 2d 546, we quoted with approval from Oklahoma City v. Harris, 191 Okla. 125, 126 P. 2d 988, as follows:

" 'It is the "spirit" of the ordinance not to be unnecessarily oppressive or burdensome and unjust to an individual. The "public interest" would demand that justice be done, and no one be unnecessarily oppressed or have to carry an unwarranted hardship. If exceptions are not to be contemplated and indulged in proper cases, under the terms of the ordinance herein involved, the ordinance then might be in some instances an oppressive, arbitrary and capricious ordinance, and therefore, unconstitutional. If it were not for the authority of the board of adjustment, created by the statute above referred to, the very ordinance in question under these and similar circumstances would necessarily be arbitrary and capricious.' "

And in that case we further said that the presumption in favor of the correctness of the determination arrived at by the board, when it had been affirmed by the district court on appeal, should be given great weight.

In Oklahoma City v. Harris, supra, we said that in case of appeal from the board of adjustment the district court, though it had equitable powers, sat as an appellate board of adjustment, to consider the ordinance, and the facts surrounding the question of whether or not the situation demanded a variance of the ordinance in its application to the particular case.

In this case the district court sat in the capacity above stated, considered the facts surrounding the situation, the purpose of the ordinance, and whether the particular facts of the case demanded a variance of the ordinance. We have carefully examined the record, and are of the opinion that in the light of the peculiar facts in relation to the property of Jones, the trial court was justified in granting a variance of the ordinance under the conditions which it imposed upon Jones in connection therewith. Since no other property owner objected, and it was sufficiently shown that the denial of the variance would work a hardship upon Jones, and that the granting of the variance did not offend the spirit or purpose of the ordinance, we think the trial court did not err in overruling the board of adjustment and granting the variance.

Affirmed.

ARNOLD, V.C.J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.