HOME APPLIANCE STORE et al. v. ANDERSON HOTELS OF OKLA-HOMA, Inc., et al.

No. 34588.   Nov. 28, 1950.

*224 P. 2d 953.*

Young, Young & Young, of Sapulpa, for plaintiffs in error.

Everett S. Collins, Tom Wallace, and Streeter Speakman, Jr., all of Sapulpa, for defendant in error.

ARNOLD, V.C.J. This action was commenced by Home Appliance Store, a corporation, and certain named plaintiffs to recover in damages for the loss of property by reason of a fire. It is alleged that the Anderson Hotels of Oklahoma, Inc., a corporation, together with certain other defendants, who were tenants in the building owned and operated by the Anderson Hotels of Oklahoma, negligently allowed a fire to destroy the premises of said hotel and by reason of such fire the premises occupied by the plaintiffs were damaged.

In addition to Anderson Hotels of Oklahoma and James Anderson plaintiffs joined Nick Douvas, Lorraine Douvas, Carl B. Steel, M. L. Stockton, Monarch Fire Insurance Company, a corporation, the Eureka Security Fire & Marine Insurance Company, a corporation, and the Halifax Insurance Company, a corporation, and sought injunctive relief and appointment of a receiver. The first cause of action was for damages and alleged negligence of the Hotel Company and the individual defendants. The second cause of action sought to enjoin the defendants Anderson Hotels, Inc., James Anderson, Nick Douvas, Lorraine Douvas, Carl B. Steel and M. L. Stockton from disposing of their property in order to defeat their liability to the plaintiffs and also asked an injunction against the insurance companies enjoining them from paying any liability arising on insurance policies in favor of the defendants.

A temporary restraining order was entered.

On the 3rd day of February, 1950, the defendants, Nick Douvas, Lorraine Douvas, Carl B. Steel and M. L. Stockton, filed a motion to dissolve the temporary restraining order and dismiss the second cause of action. By an order dated February 13, 1950, the court treated the motion as a demurrer to the petition and the order reads in part as follows:

" . . . The court having heard argument and being well and truly advised in the premises finds that said motion is to be treated as a demurrer and sustained, and it is so ordered.

"To which order plaintiffs object and except, and exceptions allowed. Thereupon plaintiffs announce and state that they elect to stand upon their second cause of action in their petition as drawn; whereupon the court renders judgment upon plaintiffs' second cause of action in favor of the defendants and against the plaintiffs, . . "

Notice of intention to appeal to the Supreme Court was given by the plaintiffs.

Thereafter, on February 14, 1950, the insurance companies each filed separate demurrers to the first and second causes of action and the court sustained the demurrers as to said insurance companies by an order dated February 20, 1950, which in part reads as follows:

"It is by the court ordered that said demurrers be and they are hereby sustained, to which plaintiffs except and exceptions are allowed.

"Thereupon plaintiffs, having announced their intention of relying upon their petition as drawn. It is by the court ordered that this suit as to said insurance companies be and the same

is hereby dismissed, to which order plaintiffs then and there except and exceptions are allowed."

Notice of intention to appeal was given by the plaintiffs.

In the petition in error plaintiffs allege error of the trial court in entering both orders, which together dismissed the second cause of action for the appointment of the receiver and the first cause of action based on negligence as to the insurance companies. There are no allegations of negligence against the insurance companies and their demurrers were properly sustained and the dismissal of the first cause of action as to them was proper. 12 O.S. 1941 §1551 provides:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or in the absence of said judges from the county, by the County judge:

"First. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

"Third. After judgment, to carry the judgment into effect.

"Fourth. After judgment, to dispose of the property according to the judgment or to preserve it during the pendency of an appeal, or in proceeding in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"Fifth. In the cases provided in this code, and by special statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"Sixth. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

Plaintiffs obviously do not fall within any of the categories described by the statute. This is an action at law for damages arising out of an alleged tort. In such cases we have held that there is no right to the appointment of a receiver even though insolvency is alleged which is not the case here. In Fleet v. Hooker, 178 Okla. 640, 63 P. 2d 988, we said:

" 'One of the essentials for the appointment of a chancery receiver is that the action itself be one of an equitable character. Consequently it is the general rule that in the absence of statutory authorization, a receiver will not be appointed in an action at law, and an action which is one at law cannot be made of an equitable character by allegations to the effect that the defendant is insolvent and other creditors are threatening to sue.' "

As to their right to injunctive relief plaintiff in error say:

"Plaintiffs' petition is not demurrable because in a civil action for the recovery of money the plaintiff may have an attachment against the property of the defendant where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, and this is such an action."

Under this proposition they cite 12 O.S.A. §§1151 and 1382, 21 O.S.A. §§21, 22, 41, 42, 1395 et seq., and city ordinances of the town of Sapulpa. One who has a plain, sufficient, and adequate remedy at law is not entitled to invoke the extraordinary remedy of injunction. Stoner v. Hyde, 82 Okla. 5,

198 P. 328; Thompson v. Tucker, 15 Okla. 486, 83 P. 413; Marshall v. Homier, 13 Okla. 264, 74 P. 368; Fast v. Rogers, 30 Okla. 289, 119 P. 241.

Where upon examination of the record, petition in error, the motion to dismiss and the response thereto, it appears that the appeal is without merit, the appeal will be dismissed. Damaras v. Dance, 164 Okla. 63, 22 P. 2d 1035. Dismissed.

DAVISON, C.J., and GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.