Liberty B. PRESTON, Administratrix of the Estate of Joe L. Preston, Deceased, and Rex E. Stockard, Plaintiffs in Error,

v.

The CITY OF STILLWATER, a Municipal Corporation, Warren B. Cooke, Commissioner-Mayor, Larry Hansen, Edward C. Burris, Ruben Jay and Robert R. Randolph, Commissioners of the City of Stillwater, a Municipal Corporation, Defendants in Error.

No. 40954.

Supreme Court of Oklahoma.

April 4, 1967.

Rehearing Denied May 31, 1967.

216

Hoel & Horton, Stillwater, for plaintiffs in error.

James M. Springer, Jr., Everett E. Berry, Stillwater, for defendants in error.

PER CURIAM:

Parties occupy the same positions here as in the trial court and will be so referred to hereafter.

The particular property involved in this action includes Lots 2, 3 and 4 of Block 5, a sub-division of certain blocks in McFarland Heights Addition to the City of Stillwater, Oklahoma. Two of the lots were seventy-five feet by one hundred and forty feet, and one lot was seventy-six by one hundred and forty feet. These lots face north on Sixth Street which is also State Highway 51. The block is bounded on the west by Western Street and on the east by Ridge Road and on the south by Seventh Avenue. All of this block is vacant except the lots immediately east of the lots involved here upon which is located a gasoline bulk station which was an existing nonconforming use at the time the Annexing

Ordinance Number 885 was adopted. There was a residence erected on Lot 7 in Block 5 in this sub-division. It lies due south of Lot 2 of Block 5 and faces on Seventh Street. It is significant that when Ordinance No. 885 was adopted it provided that all land brought into the City of Stillwater by this ordinance should be residential property.

The property across the street and to the north of Block 5 is residential for several blocks north and the same to the south and to the east. There is business to the west. To the northwest is farm land used by Oklahoma State University for experimental farming. There was evidence offered on both sides as to the possible use of these particular lots and the block and the surrounding area. To be sure, it was conflicting. Some witnesses for the plaintiffs testified that it would never be suitable for residential purposes and was only suitable for commercial use, and that the damage to the surrounding area would be minimal. The witnesses for defendants took the opposing view and thought to permit these lots to be used for commercial purposes would seriously damage the residential areas in that part of the city, especially that across the street to the north and the balance of the block in which the lots in question are located and to the south of that block.

The plaintiffs raise two points for reversal of this case. The first is that the trial court erred in refusing and ruling out competent and legal evidence on the part of plaintiffs in error, and the second is that the trial court erred in rendering judgment for defendants and in not rendering judgment for the plaintiffs.

■ As to plaintiffs' first proposition, we think that if there was any error in striking the answer of plaintiffs' witness it was harmless. Plaintiffs presented no argument on this point. It was clearly before the judge by the answer of the witness and the offer of proof. See 12 O.S.1961, § 78.

The plaintiffs' second proposition is simply that the trial court erred in not rendering judgment re-zoning their lots so that they could be used for limited business purposes.

The right of a municipality to zone is not challenged in this suit. In re Dawson et al., 136 Okl. 113, 277 P. 226; Keaton v. Oklahoma City et al., 187 Okl. 593, 102 P.2d 938; Cauvel v. City of Tulsa, Okl., 368 P.2d 660.

There have been instances where the trial court thought the legislative body had acted arbitrarily in granting or refusing changes in the zoning ordinances. See City of Tulsa v. Swanson, Okl., 366 P.2d 629; City of Tulsa v. Nicholas, Okl., 415 P.2d 917; and Oklahoma City v. Barclay, Okl., 359 P.2d 237.

■■ We think that Botchlett v. City of Bethany, Okl., 416 P.2d 613, controls in this case. There an injunction was sought to prevent city officials from imposing criminal charges or complaints against an owner for use of his property in violation of the city's zoning ordinance. The injunction was denied. We held that the classification of city property for zoning purposes is primarily a matter to be determined by its legislative body of a city whose judgment expressed in a particular case should not be overridden by the judiciary unless it is unreasonable, arbitrary, or constitutes an unequal exercise of police power.

In Botchlett, supra, we affirmed the action of the trial court which approved a zoning ordinance under facts similar to those here.

■ In the case at bar there were witnesses offered both by plaintiffs and defendants. We will not say after reviewing all the evidence that the legislative body of the City of Stillwater acted unreasonably or arbitrarily or exercised police power unequally. In the light of the evidence the reasonableness of the legislative determination was "fairly debatable" and will not be disturbed. Oklahoma City v. Barclay, supra. We conclude that the legislative body and the trial court were justified in their decisions.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of Supernumerary Judge Halley in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, LAVENDER and McINERNEY, JJ., concur.