CITY OF SAND SPRINGS, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Joe E. COLLIVER, Defendant in Error.

No. 41351.

Supreme Court of Oklahoma.

Sept. 26, 1967.

Erwin D. Phillips, Sand Springs, for plaintiff in error.

Thomas A. Landrith, Jr., Tulsa, for defendant in error.

BERRY, Justice:

The primary question herein involves the correctness of a judgment granting mandatory injunction. The judgment required plaintiff in error, hereafter referred to as the "City", to change the zoning classification of land owned by defendant in error, herein referred to as plaintiff or the "landowner." The factual background from which the issues evolved are. summarized hereafter.

At all times involved plaintiff owned a small (0.6 acre), irregular tract of rough, unimproved land adjacent to the City's

municipal limits. The tract was 265 feet in depth, was bounded on the north by a railroad right-of-way along the entire 149 feet width, and had approximately 270 feet on east and south bounded by Highway 64. On May 23, 1963, the City initiated condemnation proceedings to procure right of way for a water line across this tract. Plaintiff desired annexation of the property to the municipality, in order to secure a city zoning classification which would permit building and operation of a retail liquor store on the property. For this reason plaintiff offered to give the City the necessary easement in return for the City annexing the property. The offer was accepted by the City, with knowledge of plaintiff's purpose, and annexation was formalized on June 17, 1963. Prior to annexation the property had been zoned for commercial use. However, under existing City ordinances all annexed property automatically was zoned for residential purposes.

On August 6, 1963, plaintiff applied to the City Planning Commission. Thereafter the Commission's technical staff submitted its report which, in pertinent part, stated:

"Following is the staff recommendation:

"Approval of C–1 as requested. This property is presently surrounded by either commercially zoned property or existing trafficways, there is considerable local relief separating this tract from any existing residential development and no available land for conflicting land use development within the area.

"It should be noted once again that this recommendation is considered the best use of the land in its relation to the existing and anticipated land use pattern being aware of the possible relocation of SH 51 and 97."

Public hearings were held and no objections were interposed against the application. Pursuant to the Commission's requirements, plaintiff executed a Covenant to cooperate with the local and county engineers and the State Highway Commission, and to abide by all recommendations or requirements made relative to establishment, location and width of the means provided for vehicular ingress and egress connected with establishment and operation of the premises. Upon this basis the Planning Commission approved plaintiff's application, and recommended publication of the ordinance necessary to effect a change in the zoning classification. The matter was transmitted to the City Commission, and thereafter several hearings upon the matter were held.

The only evidence at the various hearings before the Commission was introduced by plaintiff. The evidence disclosed general unsuitability of the land for other than a commercial use, the proposed manner of utilization and improvements to be made, in order to meet and comply with various requirements by which any traffic hazards would be minimized. This evidence included communication from the State Highway Department, disclosing that the plan proposed by plaintiff to provide ingress and egress from the highway met with the Department's approval.

The evidence and exhibits showed this tract was a part of the apex of an irregular triangle, formed by conjunction of designated highways and the railroad. Utilization of the property would necessitate a land fill of considerable proportions. Plaintiff contemplated straightening the ditch through the property and then filling from the highway right-of-way toward the back for a distance of 200 feet from the highway center line. This was to be done in order to permit the retail liquor store be a minimum of 100 feet from the center line of a highway. In order to accomplish this would require plaintiff to fill and level a part of the highway right-of-way along the front of his property. During the course of the hearings, and undoubtedly because of the diverse views expressed by various commissioners, plaintiff announced his willingness to forego further action upon the application if the Commission would de-annex his property, so that it might be returned to the former commercial zoning

classification. Such request was treated as not properly before the Commission, although the application then was re-set for further hearing.

On December 9, 1963, the City overruled the Planning Commission's recommendation and entered a denial of plaintiff's application for commercial zoning classification. No claim was made, nor evidence introduced in the hearings before the Commission, that this tract could be utilized for residential purposes. In fact the Commission recognized that unsuitability either for agricultural or residential use practically restricted the land to use for commercial purposes. Denial of the application for change of zoning classification was upon the basis that the contemplated use would provide an additional traffic burden, which justified denial of the application under exercise of the police power in interest of the public safety and welfare.

Plaintiff perfected appeal to the district court, authorized by 12 O.S.1961, § 951, by filing petition in error with complete record attached in conformity with requirements of the statute. The petition alleged the matters mentioned and that rejection of the application was arbitrary, capricious, unreasonable and contrary, both to law and the evidence; had been accomplished by fraud and bad faith and deprived plaintiff of his property without due process of law; that by zoning for residential purposes only defendant was denying use of the property for any purpose. Plaintiff asked that upon allowance of the appeal the City's action be reversed and the application for commercial zoning be granted.

The second cause of action realleged matters stated under the first cause, and prayed issuance of mandatory injunction, directing the City to approve the application for commercial zoning of plaintiff's property.

Motions and demurrer to the petition having been overruled, defendant answered denying the land was unfit for residential purposes. Further, plaintiff had been compensated adequately for granting the right-of-way by annexation made at his request; that plaintiff knew the City ordinances would require zoning of the property for residential purposes; defendant was not attempting to deny plaintiff use of his property, and the zoning ordered was lawful, proper, and in the best interests of the City and for preservation of the public peace and welfare. Reply by general denial placed the matters noted in issue.

At the trial the court stated, within his understanding of existing law, the City was bound principally by evidence relative to the highest and best use for which land to be zoned could be utilized. Thus, if the zoning was arbitrary or unreasonable, and the property did not come within the utilization for such classification, the court would give relief. However, the court noted that the City had injected the claim of having acted upon other grounds not originally presented, to-wit: inherent police power to control nuisances and alleviate public hazards by controlling traffic. The City also asserted that an enacted ordinance presumptively is valid, and subject to being overthrown only upon a showing same is arbitrary, capricious or unreasonable. Further, plaintiff had failed to show such matters, and the only showing concerning use was the Planning Commission's recommendation that commercial use was the best use; the City was not bound by what might be profitable for a landowner; reasonableness of use under the ordinance could be determined by looking at the surrounding area as well, and the problems that might arise in addition to the particular tract.

Plaintiff urged that the matter was an appeal to be considered by the court, and stood upon the record as grounds for holding the City's action arbitrary and unreasonable. The City's demurrer to the evidence of record was overruled, and the court then granted leave to introduce testimony, over plaintiff's objection that this was a proceeding on appeal, involving only a review of the record under the statute, supra.

Testimony by the City's chief of police was that traffic was heavy past plaintiff's property; the road was a truck route, and most of the accidents involved trucks, which overturned because the curve was banked to the west, or toward the tract involved. On cross-examination the witness admitted accidents resulted from trucks turning into the highway from feeder roads at too great a speed to negotiate the banked turn. The witness also testified he knew of no business enterprise which attracted less traffic than a liquor store; from a traffic standpoint plaintiff's location was as good as any, but the objection to the proposed plan was that the entrance was too narrow.

A self-employed realtor also testified for the City, stating that plaintiff's land was suitable for residential purposes, the last use having been seven multiple dwelling housing units approximately 3½ years earlier. Part of the buildings were houses, the remainder cheap tourist courts, which had depreciated into sub-standard housing worth less than $100 each when last used as dwelling units.

The trial court granted judgment as prayed in the petition. Mandatory injunction was issued, specifically restricted to include, and to follow without variance, the proposed plans submitted to the City Commission. No variance in a lesser restricted zoning classification could be made without approval of the court.

■ On appeal the City advances five propositions which are summarized: (1) enactment of zoning ordinances for lessening of traffic is a valid exercise of the police power; (2) zoning ordinances are presumptively valid and not to be set aside unless clearly shown to be wrong by uncontroverted evidence; (3) the district court exercises original jurisdiction in reviewing such cases to determine whether the zoning ordinances or application thereof is arbitrary, capricious, or unreasonable. The argument under these stated premises provides the basis for propositions 4 and 5, under which the City contends the trial court

erred in overruling the demurrer to plaintiff's evidence, and in entering judgment for plaintiff. Because the first three propositions are academically correct as abstract statements of the law further discussion is unnecessary. However, we are of the opinion they do not support the ultimate conclusion—that the judgment is erroneous and must be reversed.

■ That municipalities are empowered, in exercise of the police power, to enact zoning ordinances intended to lessen traffic in the interest of public safety is settled. Okla. City v. Barclay, Okl., 359 P.2d 237; Suter v. City of Okmulgee, Okl., 373 P.2d 527. But, there is a recognized, necessary limitation upon exercise of this power and authority. Thus, a zoning ordinance cannot provide an arbitrary, capricious, unreasonable, or oppressive limitation upon private rights so that, in effect, it amounts to a taking of the landowner's property without due process of law. City of Tulsa v. Swanson, Okl., 366 P.2d 629; City of Tulsa v. Nicholas, Okl., 415 P.2d 917.

First to be considered is the argument this judgment is erroneous, because contrary to uncontroverted, expert testimony as to reasonableness of the zoning classification. This testimony was introduced in the trial court over plaintiff's objection. The issue arises from plaintiff's claim that the district court action was an appeal as provided by statute (section 951), and the court should have limited consideration solely to the record. The statute provides:

"A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."

The purpose and meaning of this statute was the basic issue in In re White, Okl., 355 P.2d 407, which involved the question whether an appeal would lie from the order of the Civil Service Commission dismissing a police officer. In holding that the district court exercised only appellate jurisdic-

tion in such case, this Court meticulously delineated application of the statute thus: (1) the appeal is perfected upon filing a complete transcript of the proceedings, including transcript of the evidence; (2) the statute does not provide for trial de novo in the district court; (3) the district court sits as an appeal tribunal with jurisdiction limited to consideration of the transcript and argument thereon; (4) determination on appeal is limited to consideration of errors of law and whether the findings appealed from are supported by evidence introduced before the inferior tribunal; (5) where the decision of the inferior tribunal is contrary to law, or the clear weight of the evidence, the district court may render the decision which should have been rendered.

Upon the question of the right of appeal from an inferior tribunal to the district court, under section 951, supra, even where a special statute purported to govern appeals from such tribunal, see City of Tulsa v. Board of Trustees of Police Pension, etc., Okl., 387 P.2d 255.

■ The right extended plaintiff to appeal to the district court from the City's denial of his application for change of zoning classification cannot be questioned. Under the statute as construed and applied in White, supra, the trial court erred in overruling plaintiff's objections to introduction of testimony in the district court proceedings. In view of the court's consideration and the conclusion reached, any error inhering in the ruling relative to admission of additional testimony was harmless.

■ The controlling issues concerns the correctness of the judgment as against the City's argument that the trial court's finding was contrary both to the law and the uncontroverted evidence. We have determined that the "uncontroverted evidence" relied upon was improperly admitted, and the matter must be considered solely upon the transcript of the proceedings. Since this involves the judgment rendered in the appeal from the City's denial of plaintiff's application, we are concerned only with the question whether enforcement of the ordinance to plaintiff's land was arbitrary, capricious and unreasonable. In prior decisions we have recognized that a decision applying a zoning ordinance should not be overturned unless found to be arbitrary, unreasonable or capricious. But, our decisions also recognize that in zoning cases, where the court overturned the authority's denial of relief, there inheres in a trial court's judgment the finding that reasonableness of the ordinance involved as applied to the particular property does not present a fairly debatable question. City of Tulsa v. Swanson, supra; City of Tulsa v. Nicholas, supra; Okla. City v. Barclay, supra.

■ It is a universal principle that wherever an individual's right of ownership of property is recognized in a free government, other rights become worthless if the government possesses uncontrollable power over the property of the individual. The constitutional guaranty of the right to own and use property is unquestioned. Thus the claim that particular action is taken under the police power cannot justify disregard of constitutional inhibitions. Panhandle Eastern P. L. Co. v. State Highway Comm., 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090. Recognition of these principles may be observed in the following statement from Swanson, supra:

"* * * But this, as was stated in the Barclay case, must depend upon the physical facts disclosed in each particular case. We must be ever mindful that, inasmuch as the inevitable effect of ordinances, such as the one here involved, is to limit private rights in the interest of public welfare, the exercise of the municipal power must be carefully guarded and be permitted only when the conditions and circumstances as shown disclose a need for the proper exercise of the police power. * * *"

In Clouser v. City of Norman, Okl., 393 P.2d 827, the issue involved application of a "pre-zoning" ordinance just as in the present matter. In striking down the ordinance we pointed out that it was unneces-

sary to consider the ordinance as a whole, as attack could be made upon reasonableness of enforcement of the ordinance against the particular property involved. In that case we quoted from Appeal of White, 287 Pa. 259, 134 A. 409, 53 A.L.R. 1215, to the effect that the power to regulate by zoning does not extend to arbitrary, unnecessary or unreasonable meddling with private ownership, even though accomplished under guise of the police power. Hence, when exercise of the power goes too far it becomes the judicial duty to declare such exercise of the police power invalid.

■ The present controversy arose after the City acquired a desired easement from plaintiff, under the tacit understanding that after annexation a change in zoning classification would be granted. Despite plaintiff's efforts to comply with every suggested requirement, and that no complaint or protest was registered against plaintiff's application, the City concluded that change of zoning prospectively would create additional traffic hazards. There was no evidence introduced before the Commission to support this conclusion. It is noteworthy the extent of the City Commission's personal familiarity with the physical facts, knowledge of existing traffic burdens, and plaintiff's contemplated use of his property was as extensive prior to acceptance of the easement and annexation of the property as at the date the application was denied. Post-annexation reflections upon matters admittedly within the Commission's prior knowledge cannot provide a vehicle which allows the City to accept the benefits of an agreement and at the same time deny plaintiff any use of his property.

There was no evidence before the Commission supporting the Commission's finding that change of plaintiff's zoning would create undue traffic burdens.

Unquestionably the physical facts disclosed, coupled perhaps with personal knowledge of the local scene, convinced the trial court that application of the residential zoning ordinance to this property and re-

fusal to grant commercial zoning was arbitrary, capricious and unreasonable. By paraphrase of the reasoning in Nicholas, supra, the physical facts and matters disclosed of record neither will allow us to hold that justification for the City's denial of plaintiff's application for a change of classification was "fairly debatable", nor that the trial court's judgment was erroneous.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.