Dan F. O'ROURKE, Jr., et al.,
Plaintiffs in Error,

v.

The CITY OF TULSA, a Municipal Corpora-
tion, Defendant in Error and Cross-
Petitioner in Error,

Ira J. Dietrich and Other Persons Similarly
Situated, Intervenors-Defendants
in Error.

No. 42920.

Supreme Court of Oklahoma.

July 22, 1969.

Byron S. Matthews, Tulsa, for plaintiffs in error.

Charles E. Norman, City Atty., William M. Northcutt, Roy Hinkle, Asst. City Attys., Tom F. Birmingham, Legal Intern, Tulsa, for cross-petitioner in error.

Houston, Klein & Davidson, R. L. Davidson, Jr., J. Barry Epperson, Tulsa, for intervenors-defendants in error.

Maurice H. Merrill, Fielding D. Haas, Norman, amici curiae.

HODGES, Justice.

Involved in this appeal is a question of the proper procedure for the review of zoning decisions by a municipal authority.

Plaintiffs are the owners of property in the City of Tulsa, which under a zoning ordinance is limited to single family dwellings. Plaintiffs sought to have the property rezoned for apartment uses. On application to the Tulsa Metropolitan Area Planning Commission the change in zoning was granted. Thereafter the matter was submitted to the City Commissioners of the City of Tulsa where the change in zoning was denied. The plaintiffs then filed this action in the district court seeking injunctive relief against the City of Tulsa from enforcing the zoning ordinance and to prevent the city from interfering with their construction of an apartment house on the property.

The City of Tulsa filed an answer to the petition of the plaintiffs, but the intervenors, who are neighboring landowners, filed a demurrer, attacking the petition on two points: (1) that plaintiffs have an adequate remedy by law by appealing from the order of the City Commission as authorized by 12 O.S. § 951; (2) that plaintiffs have failed to exhaust their administrative remedy in seeking an exception or variance under the ordinance from the Board of Adjustment.

The trial court sustained the demurrer of the intervenors. From this ruling the plaintiffs and City of Tulsa, who commenced this proceeding as adversaries, now jointly feel aggrieved by the trial court's ruling and uniquely both appeal.

Plaintiffs sought in this action relief by means of the extraordinary remedy of injunction. It is well established, however, that injunctive relief is not available where there is a plain, sufficient and adequate remedy at law. Home Appliance Store v. Anderson Hotels, 203 Okl. 592, 224 P.2d 953; Powell Briscoe, Inc. v. Peters, Okl., 269 P.2d 787. It is upon this principle of law that the intervenors urged and the trial court found that the plaintiffs had an adequate remedy at law under 12 O.S. § 951, and that plaintiffs' failure to invoke the appellate jurisdiction of the district court under this statute is fatal to their petition. Section 951 provides:

"A judgment rendered, or final order made, by any tribunal, board or officer exercising *judicial functions*, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law." (Emphasis supplied.)

The point then for our consideration under this proposition is whether the City Commission of Tulsa was exercising a *judicial* function or a *legislative* function when they refused to change the ordinance as requested by plaintiffs. In support of their position intervenors cite our recent opinion of City of Sand Springs v. Colliver, Okl., 434 P.2d 186, as determinative of this issue. As in the present case, Colliver was a proceeding before the City Commission on an application to rezone plaintiff's property. The Commission denied the plaintiff's application and appeal was taken to

the district court under the appellate procedure of Section 951, supra. There we held in paragraph one of the syllabus:

"When City Commission exercises judicial function in hearing and denying application for change in zoning classification of plaintiff's property, appeal from such order of the Commission to the district court is authorized under 12 O.S.1961, § 951."

■ The trial court's ruling in the present case was based principally upon our holding in the Colliver case. Historically, until the Colliver decision, we have held that the action of a City in the enactment or amendment of a zoning ordinance or a refusal to do so is a *legislative* function of the muncipality. In re Dawson, 136 Okl. 113, 277 P. 226; Beveridge v. Harper and Turner Oil Trust, 168 Okl. 609, 35 P.2d 435; State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294; Keaton v. Brown, 171 Okl. 38, 45 P.2d 109; Oklahoma City v. Barclay, Okl., 359 P.2d 237; Higginbotham v. City of the Village, Okl., 361 P.2d 191; City of Tulsa v. Swanson, Okl., 366 P.2d 629; City of Tulsa v. Nicholas, Okl., 415 P.2d 917; Botchlett v. City of Bethany, Okl., 416 P.2d 613; Preston v. City of Stillwater, Okl., 428 P.2d 215. We have consistently held that a person aggrieved by the action of the City Commission in passing upon an application for change of a zoning ordinance may challenge such action by filing a petition in the district court seeking injunctive relief in an equitable action against an ordinance which is unconstitutional in toto or in its particular application to the applicant. City of Tulsa v. Thomas, 89 Okl. 188, 214 P. 1070; Grantham v. City of Chickasha, 156 Okl. 56, 9 P.2d 747; Cains Coffee Co. v. City of Muskogee, 171 Okl. 635, 44 P.2d 50; Magnolia Petroleum Co. v. City of Broken Bow, 184 Okl. 362, 87 P.2d 319; City of Village v. McCown, Okl., 446 P.2d 380.

While the Colliver case did not specifically consider whether the function of the City Commission acting in this capacity was a judicial or legislative function, the wording of the opinion did refer to it as a judicial function, which is contrary to our prior decisions.

In considering whether the action of the City Commission in a zoning matter is a legislative or a judicial function, a review of the authority of a municipality to act in zoning matter is helpful.

The authority of a municipality to enact zoning regulations is derived through its police power granted to it by the State. Title 11 O.S. § 401 et seq. specifically authorizes and grants to a municipality the power to zone within its corporate limits. Title 11 O.S. § 401 provides:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, *the legislative body* of cities and incorporated villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes." (Emphasis supplied.)

■ It is to be noted that under this statute the authority to zone is vested specifically in the legislative body of the municipality. Therefore, when a municipality enacts a zoning ordinance, or refuses to change an ordinance they do so in a legislative capacity, rather than a judicial capacity.

As heretobefore mentioned in cited cases, we have always referred to the action of a municipality in a zoning matter as being legislative. In Keaton v. Oklahoma City, 187 Okl. 593, 102 P.2d 938, we held:

"By the enactment of Chapter 178 S.L. 1923, Sec. 6170–6179, O.S.1931, 11 Okl. St.Ann. §§ 401–410, the State Legislature authorized municipalities to enact zoning ordinances, and when the *legislative branch of the municipal government* has acted in a particular case, its expressed

judgment on the subject will not be overriden by the judiciary, unless the same is unreasonable, arbitrary, or constitutes an unequal exercise of police power." (Emphasis supplied.)

"Although the legislative body of a municipality may enact zoning ordinances, they are not precluded from amending, repealing or *changing* same in the future, where the growth and progress of the municipality require it or where it is for the general welfare of the municipality as a whole." (Emphasis supplied.)

Also, in Oklahoma City v. Barclay, Okl., 359 P.2d 237, we said:

"The right, power and authority of the *legislative body of cities* to enact or amend zoning ordinance is statutory. The law granting such powers was enacted for the purpose of promoting health, safety, morals, or the general welfare of the Community. See Title 11 O.S.1951 § 401. By *legislative enactment* municipalities are authorized to enact zoning ordinances, and when the *legact* zoning ordinances, and when the *legislative branch of the municipal government has acted in a particular case*, its expressed judgment on the subject will not be overridden by the judiciary, unless the same is unreasonable, arbitrary, or constitutes an unequal exercise of police power." (Emphasis supplied.)

In a more recent opinion in the case of Preston v. City of Stillwater, Okl., 428 P.2d 215, we held in paragraphs one and two of the syllabus:

"Where a zoning ordinance is challenged, it is the function of the court to determine whether there is a reasonable basis for the action of the zoning authorities, and if the reasonableness of the ordinance is fairly debatable, the *legislative determination* must not be disturbed." (Emphasis supplied.)

"The classification of city property for zoning purposes is primarily a matter to be determined by *legislative body* of

a city whose judgment expressed in a particular case should not be overridden by the judiciary unless it is unreasonable, arbitrary, or constitutes an unequal exercise of police power." (Emphasis supplied.)

In view of the derivative power of the municipality to regulate zoning and our historical construction of the same, we find that the function of a City in the enactment or amendment of a zoning ordinance, or the refusal to do so, whether it be a master plan or a specific tract, is a legislative function. The refusal to zone then being a legislative function by the City Commission, Section 951, supra, would not be available to the plaintiffs and would not afford them an adequate remedy at law.

The Colliver case being contra to the pronouncement herein made, it is hereby expressly overruled.

■■■ The intervenors next contend that plaintiffs are not entitled to equitable relief because they have not exhausted their administrative remedies by seeking an exception or variance from the Board of Adjustment. Title 11 O.S. § 407, provides that subject to certain conditions and safeguards a Board of Adjustment may make special exceptions to a zoning ordinance, which will excuse the enforcement of a zoning ordinance on a particular tract. One of these conditions is that the variance or exception will not be inconsistent with the spirit of the ordinance. Twist v. Kay, Okl., 434 P.2d 180; Board of Adjustment of Oklahoma City v. Shanbour, Okl., 435 P.2d 569. It is the spirit of the ordinance the plaintiffs have attacked in their petition. They contend the zoning ordinance is unconstitutional as applied to their property. The Board of Adjustment has no power to test the constitutionality of an ordinance. They have only the power to grant an exception or variance from the ordinance where it is consistent with the spirit of the ordinance. In Twist v. Kay, supra, we said:

"Under the law and the statutes, supra, an aggrieved property owner may follow

*two separate methods* to secure relief. One, he could ask to strike down the ordinance as being arbitrary, unreasonable or capricious, or two, he could ask for an exception or variance to the ordinance where, if literally enforced, it would work an unnecessary hardship or create substantial harm or loss to him." (Emphasis supplied.)

Plaintiffs have pursued the former method by challenging the constitutionality of the ordinance, and we find they may do so without first filing an application with the Board of Adjustment for an exception or variance.

The judgment is reversed and case remanded for further proceedings as provided herein.

IRWIN, C. J., and WILLIAMS, JACKSON and McINERNEY, JJ., concur.

DAVISON. and LAVENDER, JJ., concur in results.

BERRY, V. C. J., and BLACKBIRD, J., dissent.

BERRY, Vice Chief Justice (dissenting).

My disagreement with the conclusion of the majority is two-fold.

The zoning commission constitutes a municipality's legislative body for preparation and administration of zoning laws. Initially, it may be argued the authority conferred by applicable statutes, 11 O.S. 1961, § 401 et seq., as concerns enactment or amendment of zoning laws properly may be denominated a legislative function when invoked for classification of all property for zoning purposes. However, in my opinion, authority to act in a legislative capacity as respects adoption of zoning classifications for a comprehensive zoning plan, does not suffice to uphold every act of a zoning commission as legislative in nature.

As in City of Sand Springs v. Colliver, Okl., 434 P.2d 186, many instances arise when, despite the claim of "legislative" action, the zoning authority acts in a judicial capacity in determining the issue involved. In Colliver, supra, the legislative action encompassed adoption of a comprehensive zoning plan, by which any landowner's property automatically was zoned for residential purposes when annexed to the city. It is difficult to understand, however, upon what basis the relief extended by adoption of a special exception or ordinance varying the original plan likewise can be called a legislative function. The basic inquiry necessary to determine whether reason exists for change in zoning classification by amendatory ordinance inevitably involves both fact-finding and exercise of a measure of discretion. In Pyatt v. Mayor, etc. of Dunellen, 9 N.J. 548, 89 A.2d 1, such action was referred to: " * * The process calling for the exercise of discretion by the governing body according to the weight of conflicting public considerations is judicial in quality."

The majority states " * * * the function of a City in the enactment or amendment of a zoning ordinance, or the refusal to do so, *whether* it be a master plan *or a specific* tract, is a legislative function." Nowhere within the statutes, quoted as showing authority for a zoning commission to act legislatively, appears language indicative the commission, when zoning a specific tract, has authority to exercise discretion as a legislative function. Although agreeing our decisions prior to Colliver, supra, generally defined municipal zoning as a legislative function, I am unable to agree zoning action which involves fact finding and exercise of discretion by the "legislative" body rightfully can be categorized other than as judicial in nature and result.

A board of adjustment, or review is a quasi-judicial body which exercises quasi-judicial powers. Torrance v. Bladel, 195 Okl. 68, 155 P.2d 546; Okla. City v. Harris, 191 Okl. 125, 126 P.2d 988. When a zoning commission acts in respect to a matter within the area reserved for review, and performs exactly as a board of review in re-

solving a single issue as relates to a specific tract, the zoning commission performs a judicial function rather than legislative action.

My second ground of disagreement arises by reason of the plain language of 12 O.S. 1961, § 951. In my view a zoning commission's determination of a rezoning application undeniably involves determination of matters which inherently are judicial in nature and result. Section 951 unequivocally provides an appeal to the district court from any final order of a tribunal, board or officer exercising judicial function. To hold now this statute affords no remedy by appeal in zoning cases requires this Court to read into the statute an exception neither expressed nor intended. Under the majority's conclusion the statute now must be read as authorizing appeals from final judgments in all instances *except zoning* cases, as to which the only remedy hereafter shall be by resort to the equitable remedy of injunction.

In this respect the rule will be that constitutionality of a zoning ordinance shall be subject to direct challenge in equity. This is, of course, contrary to the settled principle which declares injunctive relief unavailable where adequate remedy at law exists. Under 11 O.S.1961, § 409, a municipality expressly is granted authority to proceed against violation of zoning regulations by instituting appropriate action. However, as intervenors point out, there is no statute conferring a similar remedy upon an aggrieved landowner. Injunctive relief cannot be granted unless all legal remedies have been exhausted, or where there is no adequate remedy at law. A petition which fails to allege exhaustion of legal remedies is demurrable. Caldwell v. Traub, 172 Okl. 12, 43 P.2d 1047; Powell Briscoe, Inc. v. Peters, Okl., 269 P.2d 787. Because there is no statutory authority for seeking special relief without first exhausting legal remedies, aggrieved landowners in zoning cases may well be found to have rights as to which they have no proper remedy. The trial court's succinct analysis as to propriety of injunctive relief " * * *

because we have been doing it for 40 years doesn't make it right" is a masterpiece of understatement, but clearly discloses basis for the judgment.

I dissent.

I am authorized to state BLACKBIRD, J., concurs in the views herein expressed.